BOWLING, Justice,
for the Court:
Appellant and three others were indicted jointly by the Grand Jury of Neshoba County for the sale of more than one kilogram of marijuana. At the time of the trial, two coindictees had not been arrested. A joint trial was had for appellant and coindictee Randy Sisson. Both were found guilty on September 29, 1978, and were sentenced by the trial court to serve twelve years with the Department of Corrections. Both appeal to this Court. On November 15, 1979, *657 appellant Sisson filed a motion to dismiss his appeal, with the motion being granted.
Appellant Lavender alleges numerous assignments of error but there is need for us to consider only two of the assignments as the others are rendered moot by our decision. These assignments are:
1. Whether or not the case should have been continued to allow appellant’s attorneys additional time for a psychiatric examination and evaluation of appellant to determine his competency to stand trial, and
2. Whether or not the district attorney committed prejudicial and reversible error during the course of the trial.
The indictment against appellant and three others was returned by the grand jury late in the afternoon of September 20, 1978, charging that all four committed the criminal act on or about “May 1978.” The testimony subsequently revealed that the alleged sale was made to undercover narcotic agents and undercover county deputy sheriffs. None of the four indictees were arrested until appellant’s arrest on September 18, 1978. A preliminary hearing was set immediately, but the indictment was returned prior to the hearing. Appellant was arraigned at approximately 10 A.M. on Thursday, September 21, and he entered a plea of not guilty. His attorneys were given until 2 P.M. that same day to file preliminary motions, and the trial date was set for Monday, September 25, 1978.
On Thursday, September 21, appellant, through his attorneys, filed a motion for additional time for a psychiatric examination. Attached to this motion was the affidavit of one of the attorneys stating that appellant was not responsive to inquiries, was incoherent at times, and in the opinion of the attorney, needed further examination to determine his mental competency to stand trial. A motion for continuance was made, contending that sufficient time was not allowed to prepare for trial. On Monday, September 25, appellant, through his attorneys, filed another motion requesting that the court order a mental examination of appellant. Attached to this motion was the affidavit of both attorneys representing appellant to the effect that appellant was unable to comprehend the nature of the offense and appeared deranged and so insane as to be unable to rationally advise and assist counsel.
The hearing on appellant’s motion was passed until Tuesday, September 26, at which time the court heard sworn testimony from Mr. Donald L. Kilgore, one of the attorneys for appellant. Mr. Kilgore testified that he first interviewed appellant late in the afternoon of Wednesday, September 20, and that,
During the course of my interview, it became apparent that he could not comprehend some of the simple questions I was posing to him. He insisted on going off on tangents and talking about other events in his life, such as an automobile accident he had sometime in 1974. He continuously answered my questions by referring to certain treatments he had had at hospitals, and he talked about doctors that he had consulted over a period of time. I became concerned about what he was telling he. I summoned his father, Mr. Garland Lavender, to come to my office and sit in on the interview with us. It did nothing to improve his ability to communicate with me. I subsequently talked with his father, who did outline to me certain treatment he had submitted to.
Kilgore further testified that appellant was not responsive to his questions and based on his interview with appellant, it was his opinion that appellant was not mentally competent to assist in the preparation of his defense.
Mr. Garland Lavender, appellant’s father, was called as a witness on the motion. He lived in Meridian, Mississippi, which was also the residence of his son, the appellant. Lavender testified that the appellant had been subjected to psychiatric treatment on numerous occasions. In 1973 he was confined at Riverside Mental Hospital in Jackson for a period of time. Appellant was subjected to nine electric shock treatments. The father further testified that subsequent *658 to the Jackson confinement and treatment, appellant was confined to St. Joseph’s Hospital and East Mississippi State Mental Hospital in Meridian. He was also confined to Anderson’s Hospital in Meridian. The father’s testimony was that at the time his testimony was given appellant was an outpatient receiving mental treatment and care from a Meridian hospital. Appellant was then working for an ambulance service in Meridian as an assistant, but not driving the ambulance and had no responsibility as to medical duties. According to the father, the situation was such that he received the entire salary earned by appellant and would give appellant the money he needed and preserved the remainder.
After hearing the testimony on all motions, the court passed the case for trial until Friday, September 29. The case was begun and concluded on that day, the court having overruled all of appellant’s motions.
 We hold that the lower court was in error in failing to continue or pass the case to give sufficient time for a mental examination of appellant. We have seen that, for a number of years he admittedly was under constant mental care, in fact, on the very day of his trial he was an out-patient from a mental institution. The affidavits and sworn testimony of reputable attorneys was that appellant was not in condition to respond to their questioning or assist in his defense. We reiterate, as we have said in a number of cases, that the lower court has discretion in passing on these matters, but in our opinion we have clearly set out the principle that if there is a reasonable probability that the accused is incapable of making a rational defense, he should receive proper and adequate psychiatric examination and evaluation. Stevenson v. State, 325 So.2d 113 (Miss.1975); McGinnis v. State, 241 Miss. 883, 133 So.2d 399.
At the conclusion of the case presented by the state, appellant insisted on testifying over the objection of his attorneys. A discussion in detail of the evidence regarding the incident giving rise to the indictment is not necessary. We do point out, however, that the contention was that the controlled substance was the property of the two coindictees who were not arrested. Admittedly, the part played by appellant was that he counted the coindictee’s money for the reason that the latter was not in a physical condition to do so. Appellant did not transfer any of the substance, and all the money was given to the coin-dictees. We recite this to lay the predicate for the conclusion of the cross-examination of appellant by the district attorney. This was:
Q. But you admit at the time you assisted Roger Willoughby, you knew, because he had already told you, that the money was for the purchase of his sale of marijuana?
A. He told me that when we pulled up.
Q. Thank you for your confession.
Admittedly the last statement made by the district attorney, which obviously was not a question, was made loudly so that all, including the jury, could hear. After this statement, the district attorney took his seat. A motion for a mistrial was made immediately but was overruled. There can be no doubt but that the above statement made by the district attorney, obviously for the jury’s benefit, was highly prejudicial. It is normal for a jury composed of laymen to give much credence to statements and opinions of their duly elected district attorneys. They should, and usually do, respect them and give weight to their opinions and actions. Although we think the statement of the District Attorney should have been left unsaid, we cannot say that this error alone would require a reversal of the case; however, in considering both of the assignments, appellant is entitled to a new trial and we so hold.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.