397 So.2d 81 (1981)
Benjamin ANDERSON, Jr.
v.
STATE of Mississippi.
No. 52515.
Supreme Court of Mississippi.
April 1, 1981.
Rehearing Denied May 6, 1981.
Charles R. Holladay, Picayune, for appellant.
Bill Allain, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, WALKER and BROOM, JJ.
*82 WALKER, Justice, for the Court:
This appeal arises from the Circuit Court of Pearl River County, wherein Benjamin Anderson, Jr., was indicted, tried and convicted of armed robbery and sentenced to twenty years in the custody of the Mississippi Department of Corrections. We affirm.
The evidence shows that a black male, by exhibition of a pistol, robbed the Bank of Picayune, Branch Bank of the Hancock Bank, of the sum of $1,532.00 on July 26, 1978, at about noon. Prior to the robbery two witnesses observed a gray and maroon Monte Carlo travelling at an unusually slow rate of speed pass by the vicinity of the Bank two times. These witnesses stated that there were three black males in the Monte Carlo and one of the witnesses identified photographs of the appellant's car as the car she had seen. The appellant was arrested driving a different car later that day, at about six o'clock p.m. The arresting *83 officers found a leather pouch containing about $400.00 under the front passenger seat of the car. The serial numbers on ten of the bills contained in the pouch matched the serial numbers of "bait" money taken in the Bank robbery.
Benjamin Anderson, Kevin Acker, and Al Jeroderick Taylor were subsequently indicted for armed robbery. Anderson pled not guilty; Taylor pled guilty and testified at Anderson's trial.
Taylor, testifying for the State, stated that he had joined Anderson and Acker on the morning of the crime at Acker's house; that he "borrowed" a .38 calibre pistol belonging to Acker's father; and that the three left in Anderson's Monte Carlo to go to New Orleans. As they passed a police car one of the men stated that somebody needed to do something because the police had been harassing them. Anderson (appellant) then suggested that someone should rob a bank. Taylor further related that the three then went to the vicinity of the West Branch of the Bank of Picayune. They drove around the block before Taylor got out near the Bank. Anderson and Acker then went to get some gas and/or beer; Taylor went to rob the Bank. Anderson and Acker returned in a few minutes and picked up Taylor in front of the Sunflower store near the Bank. Taylor placed the Bank's money into two leather pouches and got out of the car a short distance later, leaving behind a pouch containing approximately $400.00. Before leaving the car he told the others, "Hey man, you can pay your car note  you can pay two of them."
Anderson, testifying on his own behalf, admitted that he drove Taylor to and from the Bank, but denied that he knew Taylor intended to rob the Bank or that he knew Taylor had a pistol. He stated that he and Acker continued on to New Orleans after Taylor left them, and they returned later that afternoon. He then loaned his car to his brother and discovered the pouch while he was removing his baseball suit and glove from the backseat. He threw his glove and the pouch in the backseat of his mother's car and left with Acker for baseball practice. After they had travelled a short distance from Anderson's home they were stopped by the police, who were on their way to Anderson's house to arrest him. According to Anderson, the police then conducted a search of the entire automobile and removed the leather pouch containing the money from his trunk.
Anderson's first contention is that the money pouch was obtained as a result of an illegal search and was not admissible into evidence. His two-pronged argument is that the search was incident to an unlawful arrest and therefore unreasonable, and that even if the arrest was lawful the extent of the search was unreasonable.
As to the appellant's first contention, the arrest of Anderson was lawful. At the hearing on the motion to suppress, two of the police officers who arrested Anderson testified that they knew an armed robbery had been committed that day and that Anderson was a suspect and was wanted for that armed robbery. Officer Mark testified that he received information on his police radio that there was a warrant for Anderson's arrest. Chief of Police Lavigne stated that Officer Morrison had informed him that a warrant for appellant's arrest had been issued by Judge H.K. Smith. This official information, that a warrant was outstanding for appellant's arrest, was presumed to be authentic and was sufficient to constitute probable cause for the arrest of the appellant by officers without the warrant being in their possession. Fuqua v. State, 246 Miss. 191, 145 So.2d 152 (1962); Mississippi Code Annotated section 99-3-7 (1972).
The limited search of the automobile without a warrant was also lawful, being incident to the lawful arrest of the driver, Anderson. Hall v. State, 288 So.2d 850, 851 (Miss. 1974); Wolf v. State, 260 So.2d 425 (Miss. 1972), cert. denied, 409 U.S. 1042, 93 S.Ct. 535, 34 L.Ed.2d 492 (1972). The officer was justified in looking under the seat for a weapon. Once there, he had the right to seize the open money pouch which was in plain view. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).
*84 This case is distinguishable from Barton v. State, 328 So.2d 353 (Miss. 1976), where the arresting officer received information over his patrol car radio from the dispatcher that a 1966 Ford automobile, white over red, with a certain tag number, was proceeding east on I.-20 to Forest, occupied by a white female and two white males, and that marijuana was supposed to be in the automobile. No warrant had been issued. In that case we held that this information failed to meet the second requirement of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), which requirement is that the informer must have obtained his knowledge by personal observation or in some other dependable manner rather than through casual rumor. We stated that there was no showing where or how the official dispatcher obtained the information that the automobile in question had marijuana in it.
In this case, the official dispatch stated that a warrant was outstanding for the arrest. This information, in itself, gave the police officers reasonable ground to suspect and believe that Anderson had committed the armed robbery. Although the supposed warrant was never introduced into evidence, several officers testified without objection that they had been informed through official channels of the existence of the warrant. The appellant made no attempt to rebut this testimony, and does not now, and did not at trial, attack the validity of the warrant. Therefore, we need not determine whether the magistrate issuing the warrant had probable cause to issue it.
The appellant next contends the evidence was insufficient to convict him of armed robbery and that the lower court should have granted a directed verdict of acquittal. The proof showed that Anderson did not himself commit the armed robbery, but it was sufficient to show he aided and abetted Taylor, who did commit the robbery. One who aids, abets and assists in the commission of a crime is indictable and subject to the same punishment as a principal. Miss.Code Annot. § 97-1-3 (1972); Smith v. State, 296 So.2d 678 (Miss. 1974). We, therefore, hold that there was sufficient evidence, if believed, to convict Anderson, and the lower court properly allowed the case to go to the jury.
Anderson next contends that instructions S-3 and S-4 should not have been allowed by the court. It is not necessary to set out the state's instructions in full. Suffice it to say that these instructions, when read together with instruction D-9, properly informed the jury of what was required to convict Anderson of aiding and abetting the armed robbery.
The appellant also contends that the court erred in its order of conviction by invoking Mississippi Code Annotated section 47-7-3(d) (1972). He contends that there was no proof in the record to show that he had any knowledge that a gun was to be used in the crime committed or that he personally robbed or attempted to rob anyone, and for these reasons he should not have been sentenced under this section of the Code.[1] If we understand appellant's argument, he is contending that he should not have been sentenced as a principal because he was convicted as an aider and abetter. Mississippi Code Annotated section 97-1-3 (1972) states as follows: "Every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such; and this whether the principal has been previously convicted or not." We read this statute to mean what it says. Had Taylor murdered someone during the commission of the robbery, Anderson *85 could have been indicted and punished for the murder, notwithstanding the fact that he was only aiding and abetting the robbery. It follows that Anderson was properly indicted and punished for robbery by use of a firearm.
Appellant's remaining assignment of error is without merit.
There being no reversible error, this case must be and is hereby affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
NOTES
[1] In its order of conviction the trial court stated that Anderson would not be eligible for any supervised earned release or for parole in accordance with section 47-7-3(d). We note that that section has been amended subsequent to the order sentencing appellant which was dated April 4, 1980. The section as amended provides that no person shall be eligible for parole who shall on or after January 1, 1977, be convicted of robbery or attempted robbery through the display of a firearm until he shall have served ten (10) years if sentenced to a term or terms of more than ten (10) years or if sentenced for the term of the natural life of such person.