493 So.2d 356 (1986)
Ike Lee KELLY
v.
STATE of Mississippi.
No. 55,701.
Supreme Court of Mississippi.
August 20, 1986.
Rehearing Denied September 17, 1986.
*357 Don H. Evans, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen., by John H. Emfinger, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and PRATHER and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This is an appeal from the Circuit Court of Hinds County, wherein Ike Lee Kelly was convicted by a jury of armed robbery and sentenced to life in the Mississippi State Penitentiary. We affirm.
On September 17, 1983, the victim, a retired medical secretary, awakened in the early morning hours to see three men wearing stocking masks in her bedroom. She testified that the shortest of the three clamped his hand over her mouth and demanded *358 money, while the two taller men held a gun and a knife on her. She was repeatedly beaten, primarily by the shorter man, while the other two ransacked the apartment. Soon thereafter the short man and one of the taller men raped her. After the second rape, the short man forced the victim to have oral sex with him and then rammed a hairspray bottle repeatedly into the victim's vagina.
The short man removed her watch and two rings from the victim. The men also took the victim's radio and four necklaces. She was bound with tape and they left through the kitchen door.
Upon being given a description of the three persons involved in this crime, Lt. Dickson gave Detective Knowles the names of three men fitting these descriptions. The three names were Ike Lee Kelly (the appellant), Frankie Kelly (his brother), and Walter Lee Lott (his brother-in-law). Knowles then secured a search warrant for the Kelly residence, which turned up one of the victim's rings. Walter Lott had been arrested prior to the search, and Frankie Kelly was arrested during the search.
Oral statements were taken from Frankie Kelly and Walter Lee Lott, in which they stated that Ike Kelly, the appellant, was with them at the time of the crime. Ike Kelly was being questioned by police officers concerning a disturbance at Westland Plaza when the officers received information on the police radio that there was a warrant for the appellant's arrest. Ike Kelly was then arrested, taken to headquarters, and given the Miranda warnings. Kelly signed a waiver of those rights and gave a statement in which he admitted that he was at the scene of the crime, had looked around the house for something to steal, and was present while Walter Lee Lott and his brother raped and robbed the woman at gunpoint.
At the conclusion of the trial, the jury found Ike Lee Kelly guilty of armed robbery and sentenced him to serve a term of life imprisonment in the state penitentiary. On appeal, Ike Lee Kelly assigns as error the following:
1. The trial court erred in admitting defendant's statement.
2. The trial court committed error by granting state's instruction number two.
3. The cumulative effect of the misconduct of the district attorney in cross examination of the defendant, in introducting inadmissible evidence, and in closing argument denied the defendant a fair trial.
4. The conviction was against the overwhelming weight of the evidence.
5. The cumulative effect of the errors at the defendant's trial deprived him of a fair trial.

WAS KELLY'S STATEMENT ADMITTED AS A FRUIT OF AN ILLEGAL ARREST?
Appellant charges that the statement he gave to the police was the product of an illegal arrest and should have been suppressed. To support his contention for an illegal arrest, the appellant asserts that he was not advised by the arresting officers of the object and cause of his arrest, and that the state failed to introduce the arrest warrant. Miss. Code Ann. § 99-3-7 (1972) requires that "In all cases of arrest without a warrant, the person making such arrest must inform the accused of the object and cause of the arrest... ." Appellant's argument is refuted by the fact that he admitted that he was informed of the cause for his arrest by the arresting officer at the scene. However, there is some conflict in the appellant's testimony; at one point, he indicated that he was not informed of the cause of his arrest.
In Boyd v. State, 406 So.2d 824 (Miss. 1981), we stated that when a defendant testifies that he was not advised of the reason for his arrest, the burden of proof shifts to the state to show that there was probable cause for the issuance of a warrant or reasonable cause for making of the charge. In the instant case, there is ample evidence of probable cause for arrest. The probable cause to arrest Kelly was obtained *359 by the oral statements given by his brother and brother-in-law, which placed him at the scene of the crime. A warrant for his arrest was broadcast over the police radio while Kelly was being questioned by two officers. Obviously these arresting officers had probable cause for the arrest. Compare Torrence v. State, 283 So.2d 595 (Miss. 1973) (Officer who knew of outstanding warrant had probable cause to arrest defendant). Additionally, as previously stated, the record reflects that the appellant was indeed informed of the reason for his arrest.
Appellant next contends that the state was required to introduce the arrest warrant. We disagree. In Anderson v. State, 397 So.2d 81 (Miss. 1981), an officer was informed of an outstanding warrant for the arrest of Anderson by police radio. Although the warrant was not in the officer's possession, the Court held that this in itself was sufficient probable cause for the arrest. The Court held that the arrest was lawful, although the warrant was never introduced into evidence. Id. at 84.
Appellant's first assignment of error is, therefore, without merit.

DID THE TRIAL COURT ERR IN GRANTING STATE'S INSTRUCTION NO. 
TWO?
Instruction S-2 is an aiding and abetting instruction. The instruction states:
The court instructs the jury that each person present at the time, and consenting to and encouraging the commission of a crime, and knowingly, wilfully and feloniously doing any act which is an ingredient to the crime, or immediately connected with it, or leading to its commission, is as much a principal as if he had with his own hand committed the whole offense; and if you believe from the evidence, beyond a reasonable doubt, that the Defendant, Ike Lee Kelly, did wilfully, knowingly, unlawfully and feloniously do any act which is an ingredient of the crime of armed robbery or immediately connected with it, or leading to its commission, then and in that event, you should find the Defendant guilty as charged. (emphasis added)
The appellant contends that this instruction would allow conviction of someone who is merely present at the time of the crime but had no intent to commit the crime. It is a well-established rule that the jury instructions actually given must be read as a whole. Norman v. State, 385 So.2d 1298, 1303 (Miss. 1980). In the instant case, the court gave instruction S-1, which properly instructed the jury as to the elements of the crime, the burden of proof, and the requisite intent. Based upon the above, the jury could have properly found the appellant guilty of armed robbery from the instructions given. See also White v. State, 330 So.2d 877, 879 (Miss. 1976) (jury instruction substantially identical to S-2 was approved by this Court). It is suggested that the words "element of" be substituted hereafter for "ingredient to" in the instruction.
Accordingly, appellant's second assignment of error has no merit.

DID THE CUMULATIVE EFFECT OF THE MISCONDUCT OF THE DISTRICT ATTORNEY DENY KELLY A FAIR TRIAL?
In this assignment of error, the appellant sets forth a variety of incidents occurring during the trial. Some of the conduct was objected to and some was not. In Tubbs v. State, 402 So.2d 830 (Miss. 1981), this Court stated that a failure to make an objection at the time of trial precluded the defendant from raising the issue on appeal. For this reason, we discuss only those assignments of error in which a contemporaneous objection was made at trial to the district attorney's conduct.
Kelly alleges that prosecutorial misconduct occurred when the district attorney repeatedly cross-examined him about his conversations with his attorney. The record shows that the prosecutor asked Kelly how many times had he gone over his story with his attorney, and had his attorney given him any advice about his *360 testimony. Kelly contends that this was an unwarranted invasion of the attorney-client privilege. For authority, the appellant cites 97 C.J.S. Witnesses, Sec. 283(g), (j), which states that a party may refuse on the ground of privilege to state whether he communicated certain facts to his attorney, and the client may not be required to divulge the advice which his attorney gave him. The attorney-client privilege relates to and covers all information regarding the crime received by the attorney in the course of his representation of the client. Barnes v. State, 460 So.2d 126 (Miss. 1984). Only the client may invoke the privilege. Id. at 131. In the instant case, since the privilege was not invoked, and no objection was made to the line of questioning by the defense attorney, Kelly's testimony effectively served as a waiver. In addition, the line of questioning used by the district attorney was not unduly prejudicial, and was harmless error at best.
The appellant next asserts that questions concerning the use of his testimony against his brother were totally irrelevant and highly prejudicial. The defense counsel objected to this line of questioning and the trial judge sustained this objection. The state contends that since defense counsel did not request that the jury be instructed to disregard, the trial court did all that appellant requested and, therefore, no error resulted. Clanton v. State, 279 So.2d 599, 602 (Miss. 1973). The proper procedure to be followed was stated by this Court in Whitlock v. State, 419 So.2d 200, 202 (Miss. 1982). After the sustaining of an objection, if counsel is not satisfied or feels that the admonition of the trial judge is ineffective, defense counsel should then move for a mistrial. Id. at 202-03. Since this procedure was not followed, no reversible error was committed.
At one point in the trial, the following exchange between the district attorney and Kelly occurred:
Q. So, the whole time you were in there, you intended to steal with them armed and the only time you changed your mind is when you couldn't find anything to steal and then you left. Right?
A. Right.
Q. Now, you have told us that all you were guilty of was just breaking and entering. Do you know that you just admitted armed robbery?
BY MR. EVANS:
Your Honor, I object to him telling the jury that he has just admitted to armed robbery. He has not admitted to armed robbery.
BY THE COURT:
Sustained.
Based on the cross-examination above, appellant contends that the question "Do you know that you just admitted to armed robbery?" was prejudicial misconduct. An analogous case is Lavender v. State, 378 So.2d 656 (Miss. 1980), where the prosecutor stated "Thank you for your confession." The Court held that making this statement, although error, was not reversible error in and of itself. Id. at 658. In the case at bar, while the question should not have been asked, such misconduct is not enough to constitute reversible error.
Appellant also contends that the prosecutor expressed his personal belief during the closing argument when he stated, "We want him adequately punished. We are asking for life imprisonment. We are entitled to a trial too. And he's entitled to get the punishment he deserves." Defendant's objection was overruled, and defense counsel then moved for a mistrial. The trial court overruled the objection and denied the motion for a mistrial on the grounds that the defense attorney had opened the door to this area during appellant's closing argument. The district attorney's statements appear to be proper and are, at the most, mildly prejudicial. See Carleton v. State, 425 So.2d 1036, 1039 (Miss. 1983) (prosecutor's statement in closing argument of murder trial that "... we have got to let people know what the people of Harrison County stand for." was held acceptable.)

*361 WAS APPELLANT'S CONVICTION AGAINST THE OVERWHELMING WEIGHT OF 
THE EVIDENCE?
This assignment is wholly without merit. Kelly admitted on direct examination by defense counsel that he was guilty of breaking and entering. On cross examination the appellant stated that he looked through a drawer with the intent of stealing something. Also, he stated that the whole time he was in the house he intended to steal, with the others armed, and the only time he changed his mind was when he could not find anything to steal. The verdict of the jury is not against the overwhelming weight of the evidence, and the assignment of error is denied. In addition, we do not think that the cumulative effect of all errors denied Kelly a fair and impartial trial under the totality of the circumstances doctrine announced in Tudor v. State, 299 So.2d 682 (Miss. 1974).
Based on the foregoing, we conclude that Ike Lee Kelly's conviction of armed robbery and sentence of life imprisonment should be affirmed.
AFFIRMED.
WALKER, ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.