# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 2000-KA-00344-SCT

*WILLIE PULPHUS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/26/2000 |
| TRIAL JUDGE: | HON. HENRY L. LACKEY |
| COURT FROM WHICH APPEALED: | CHICKASAW COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDWARD DUDLEY LANCASTER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  BILLY L. GORE |
| DISTRICT ATTORNEY: | JAMES M. HOOD, III |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 02/08/2001 |
| MOTION FOR REHEARING FILED: | 2/23/2001; denied 4/26/2001 |
| MANDATE ISSUED: | 5/3/2001 |

**EN BANC.**

**McRAE, PRESIDING JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. From a judgment convicting him of two counts of the sale of cocaine and sentencing him to imprisonment for thirty years, with twenty years suspended,Willie Pulphus appeals to this Court raising two issues concerning the circuit court's failure to sustain various objections to leading questions and inflammatory statements made by the district attorney and whether the court erred in allowing jury instructions S-3 and S-4 to the jury. Finding no error, we affirm.

## STATEMENT OF THE FACTS

¶2. On October 1, 1998, Officer James Dearmon ("Dearmon"), Agent Jeff Womack ("Womack"), and a confidential informant, Kendrick Bishop ("Bishop"), from the Mississippi Narcotics Bureau, attempted to arrest persons selling illegal drugs in Okolona, Mississippi. Dearmon and Womack attached an audio "body wire" to Bishop, and they also attached a video camera to his vehicle before Bishop attempted to purchase illegal drugs. The two officers instructed Bishop to go to East Street.

¶3. Bishop drove to East Street, where he was allegedly approached by Willie Pulphus. Bishop requested a "40," and Pulphus got the cocaine from someone on the street and sold it to Bishop. Bishop testified he made two purchases of crack cocaine from Pulphus and paid $40 for each purchase. Pulphus admitted to smoking cocaine with Bishop in his vehicle, but he denies that he sold any illegal drugs, his defense being that he never took money from Bishop. Instead, Pulphus claims he only transferred the money to someone

else, and then transferred the cocaine from another person to Bishop in his vehicle.

¶4. The two officers followed Bishop and watched from their vehicle. While the officers could hear the transactions taking place via the audio equipment, they could not see the transactions until they later viewed the video tape. Bishop gave a physical description of Pulphus to the officers following the sale.

## DISCUSSION

### I. WHETHER PULPHUS WAS DENIED HIS RIGHT TO A FAIR TRIAL DUE TO THE COURT HAVING OVERRULED VARIOUS OBJECTIONS MADE DURING THE COURSE OF THE TRIAL.

¶5. Pulphus argues that he did not receive a fair trial and that the circuit court should have granted his motion for mistrial due to statements the District Attorney made during his voir dire examination and his opening statement. Pulphus also asserts the State made use of improper leading questions, and that his objections to these questions should not have been overruled. We find that the two statements made by the district attorney during his voir dire examination and his opening statement did not prevent Pulphus from receiving a fair trial when one of these statements received no objection at trial, and the objection to the other statement was sustained and followed by a proper instruction to the jury to disregard the statement. The trial court also properly overruled Pulphus's objections to various leading questions.

¶6. The voir dire statement made by the District Attorney following the court's voir dire of the venire, was as follows:

"I know y'all are thinking, Oh, God, I hope he doesn't go through all those questions again. I'm not. I'm just going to try to deal with this particular case, this particular individual. The other two have gone down by plea."

Pulphus made no objection to this statement at the time it was made in the lower court.

¶7. The other statement made by the District Attorney at the beginning of his opening statement is included in the following:

Opening statement by the District Attorney:

I'm sorry it's taken us until 3 o'clock to get to this point. We don't have any control over it if someone wants to plead guilty.

By Mr. Lancaster: Objection, your Honor.

By the court: Ladies and gentlemen, you'll disregard that statement. That has to do with a prior case, a case that was set earlier than this one. You will not consider that as part of these proceedings.

By Mr. Lancaster: Move for a mistrial.

By the court: Overruled. You may proceed.

¶8. Counsel for Pulphus did not object to the remark by the District Attorney made at the beginning of his voir dire, however, he now asserts that this remark was prejudicially unfair. Pulphus makes this assertion

too late. Generally, it has been held by this Court that a failure to raise an objection at trial procedurally bars the defendant from bringing this objection for the first time on appeal. *Sullivan v. State*, 749 So. 2d 983, 990 (Miss. 1999) (citing *Blue v. State*, 674 So. 2d 1184, 1191 (Miss. 1996) (citing *Foster v. State*, 639 So. 2d 1263, 1270 (Miss. 1994)). One exception to this rule is that an objection may be considered for the first time on appeal if the alleged error "fundamentally prevented the defendant from receiving a fair trial." This exception is limited, however, to situations where a co-defendant or a co-conspirator testifies to being convicted of the same crime for which the defendant is now on trial. *Sullivan*, 749 So. 2d at 990 (citing *Johns v. State*, 592 So. 2d 86, 91 (Miss. 1991)). The trial court may still alleviate any prejudice by an instruction to the jury to disregard such testimony. *Sullivan*, 749 So. 2d at 990 (citing *Baine v. State*, 604 So. 2d 249, 257 (Miss. 1992); *Dennis v. State*, 555 So. 2d 679, 682-83 (Miss. 1989)).

¶9. Pulphus failed to make an objection to the District Attorney's remark at the beginning of the State's voir dire, and therefore, his objection to that remark is procedurally barred on appeal. Unlike the cases above, Pulphus did not make his objection to trial testimony of a co-defendant or a co-conspirator, and therefore it does not fall within the exception to the rule in *Sullivan*.

¶10. Pulphus's second objection to the District Attorney's remarks in his opening statement did not require the trial court to grant a mistrial. Whether to grant a motion for mistrial is within the sound discretion of the trial court. *Ragin v. State*, 724 So. 2d 901, 904 (Miss. 1998) (citing *Hoops v. State*, 681 So. 2d 521, 528 (Miss. 1996) (citing *Bass v. State*, 597 So. 2d 182, 191 (Miss. 1992); *Ladner v. State*, 584 So. 2d 743, 753 (Miss. 1991)). The standard of review for denial of a motion for mistrial is abuse of discretion. *McGilberry v. State*, 741 So. 2d 894, 907 (Miss. 1999) (citing *Gossett v. State*, 660 So. 2d 1285, 1290-91 (Miss. 1995)). In addition, when an objection is sustained, and the trial judge admonishes the jury to disregard the statement, this Court will usually find no error, absent unusual circumstances. *Spann v. State*, 771 So.2d 883, 890 (Miss. 2000) (citing *Wright v. State*, 540 So. 2d 1, 4 (Miss. 1989) (citing *Wetz v. State*, 503 So. 2d 803, 810 (Miss. 1987); *May v. State*, 460 So. 2d. 778, 783 (Miss. 1984); *Herron v. State*, 287 So. 2d 759, 766 (Miss. 1974)).

¶11. Pulphus objected timely to this statement, and the trial judge immediately directed the jury to disregard the statement. In addition, the judge explained the District Attorney's remark, stating that this statement referred to a defendant in another case. Pulphus's motion for a mistrial was then overruled, and the State was allowed to proceed. These statements do not require a mistrial. In fact, the instructions and statements of the trial judge cured any potential prejudice.

¶12. In his statement, Pulphus asserts that at the beginning of the day of the trial, Lancaster, the public defender, sat with other defendants. One of the defendants informed Lancaster that he wished to file a guilty plea. Pulphus asserts that this occurred after "the District Attorney had already conducted a lengthy voir dire of the jury venire." Pulphus asserts that at this point, the venire was excused, and a defendant's guilty plea was heard. When the venire returned to Court, the District Attorney then made the remarks in question.

¶13. There are no entries in the record indicating a break between the court's voir dire and the State's voir dire. The only statement made in the record at the point where Pulphus asserts this guilty plea was made is by the court, stating, "You may make the opening statement for the State of Mississippi." The next entry in the transcript is, "Voir dire examination by Mr. Hood," and then the district attorney proceeds with his voir dire examination and makes the remark Pulphus now objects to.

¶14. It appears that Lancaster represented several defendants on that day for cocaine-related charges, but each defendant had his own case and cause number. Pulphus was also on this docket calendar with his own cause number, and no other co-defendants were listed with him on this document or in the style of the case.

¶15. There is no record of this guilty plea, and this defendant is not a co-defendant of Pulphus's. This Court will not consider matters that do not appear in the record, and it must confine its review to what appears in the record. **Robinson v. State**, 662 So. 2d 1100, 1104 (Miss. 1995) (citing **Dillon v. State**, 641 So. 2d 1223, 1225 (Miss. 1994)). Issues cannot be decided based on assertions from the briefs alone. The issues must be supported and proved by the record. **Robinson**, 662 So. 2d at 1104 (citing **Ross v. State**, 603 So. 2d 857, 861 (Miss. 1992)). In **Robinson** this Court stated, "we have on many occasions held that we must decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions." **Robinson**, 662 So. 2d at 1104 (quoting **Mason v. State**, 440 So. 2d 318, 319 (Miss. 1983)).

¶16. From his brief, it appears that Pulphus is objecting to this statement for fear the jury had identified the defendant who pled guilty earlier in the day as a co-defendant of Pulphus, transferring the guilt of that defendant to Pulphus. There is no indication in the record that the defendant who pled guilty was a co-defendant or co-conspirator of Pulphus. No other defendants were named in Pulphus's indictment, and the trial court even instructed the jury that the District Attorney was referring to another defendant in another case. There is no indication in the record of a break in the voir dire process to hear a guilty plea, as Pulphus alludes to, and it would make no sense to interrupt the opening statement of a criminal trial to hear the guilty plea of another defendant in an unrelated case. In addition, the trial judge instructed the jury to disregard the District Attorney's statement, and cured any prejudicial unfairness.

¶17. Pulphus also asserts that he did not receive a fair trial because the trial judge overruled most of his objections to leading questions. Pulphus's first two objections to leading questions were overruled, and the last one was sustained. To justify a reversal because of leading questions requires not only a finding of manifest abuse of discretion but also that the question influenced the answer, causing injury. *Tanner v. State*, 674 So. 2d 385, 405 (Miss. 2000) (citing **Palmer v. State**, 427 So. 2d 111, 115 (Miss. 1983)). The trial judge's discretion is not to be disturbed.

## II. WHETHER THE COURT INCORRECTLY ALLOWED JURY INSTRUCTIONS S-3 AND S-4.

¶18. Pulphus asserts the trial court erred by giving jury instructions S-3 and S-4 to the jury because they instructed the jury on elements of aiding and abetting a crime and of conspiracy. Pulphus asserts these instructions caused the indictment to be substantively amended by the acceptance of these jury instructions. We find the trial court did not err by allowing these two jury instructions.

¶19. Jury instructions must be read as a whole, not independently. **Kelly v. State**, 493 So. 2d 356, 359 (Miss. 1986) (citing **Norman v. State**, 385 So. 2d 1298, 1303 (Miss. 1986)). In **Kelly** a defendant convicted of armed robbery objected to a jury instruction for aiding and abetting. The court stated, however, that in addition to the aiding and abetting instruction, the court had also given another instruction which properly instructed the jury as to the elements of the crime of armed robbery, the burden of proof, and the requisite intent. The court found the jury could have found the appellant guilty of armed robbery based on that instruction, and therefore, the appellant's objection to the aiding and abetting instruction was without merit. *See also Barnes v. State*, 763 So. 2d 216, 220 (Miss. Ct. App. 2000) (holding that any

error in granting jury instruction for aiding and abetting was cured by other jury instructions)).

¶20. *Kelly* is similar to the present case in that Pulphus was charged with the sale of cocaine, and the jury was given proper instructions regarding the elements of this crime. Instruction C-1, instructed the jury to read the jury instructions as a whole, and not to single out one instruction. Instruction C-1 also instructed the jury that the "arguments, statements, and remarks of counsel are intended to help you understand the evidence and apply the law, but are not evidence." The instruction also stated, "from time to time during the trial, it has been my duty as judge to rule on the admissibility of evidence. You must not concern yourself with the reasons for the Court's rulings since they are controlled and governed by the rules of law."

¶21. Instruction C-2 informed the jury that the State has the burden of proving every material element of the crime in the indictment of this defendant beyond a reasonable doubt.

¶22. Instruction S-3 instructs the jury as to the elements of aiding and abetting a crime, and instruction S-4 indicates the elements of a conspiracy. Even if it was error for the circuit court to give these instructions to the jury, the jury was properly informed in other instructions about the State's burden of proof and the requirement to prove every element of the crime beyond a reasonable doubt. As in *Kelly*, these other instructions eliminated any prejudicial effect of instructions S-3 and S-4.

## CONCLUSION

¶23. The circuit court did not err in denying a mistrial to Pulphus based on his objections to statements made by the district attorney and his objections to leading questions. Any error was harmless error and the do not require a mistrial.

¶24. The circuit court did not err by allowing jury instructions S-3 and S-4 to be given to the jury. Even if error was committed, the error would be harmless due to the inclusion of other jury instructions. We, therefore, affirm the judgment of the Chickasaw County Circuit Court.

¶25. **CONVICTION OF TWO (2) COUNTS OF THE SALE OF COCAINE AND SENTENCE OF THIRTY (30) YEARS FOR EACH COUNT WITH TWENTY (20) YEARS SUSPENDED FOR EACH COUNT LEAVING TEN (10) YEARS TO SERVE FOR EACH COUNT TO RUN CONSECUTIVELY IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH CONDITIONS, AND PAY ALL FEES, COSTS AND EXPENSES, AFFIRMED.**

    **PITTMAN, C.J., BANKS, P.J., SMITH, MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR. EASLEY, J., NOT PARTICIPATING.**