# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-KA-02609-SCT

*VERNELL CARPENTER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/07/2003 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES KEVIN RUNDELETT |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHN |
| DISTRICT ATTORNEY: | FAYE PETERSON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 02/17/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WALLER, P.J., GRAVES AND DICKINSON, JJ.

### DICKINSON, JUSTICE, FOR THE COURT:

¶1.     Following a jury trial, Vernell Carpenter was convicted of burglary of a business and sentenced to seven years in the custody of the Mississippi Department of Corrections. This case involves a prosecutor's use of information at trial that a police officer obtained from Carpenter prior to advising him of his constitutional rights.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2.     While on patrol, Officer Samuel Haymer heard the sound of breaking glass at Martin's Cleaners & Laundry. After spotting a person running from the building, he drove his patrol

car to a vacant parking lot next to the building. Arriving at the back of the parking lot, he saw an individual walking toward him whom he would later identify as Vernell Carpenter.[1]

¶3. After handcuffing Carpenter, but before advising him of his *Miranda* rights,[2] Officer Haymer began questioning Carpenter. During the questioning, Carpenter confessed to the crime and showed Officer Haymer where clothes stolen from Martin's were hidden.

¶4. There was another man in the area. Responding to one of Officer Haymer's questions, Carpenter identified him as Clifford Labranche, who was also arrested and charged with business burglary of Martin's.

¶5. Carpenter's counsel moved to suppress the confession. The trial court granted the motion. Immediately prior to trial, Carpenter's counsel moved in limine to exclude the confession and any other statements or information obtained from Carpenter by law enforcement prior to advising him of his *Miranda* rights. The trial court also granted this motion.

¶6. At trial, Officer Haymer testified that Carpenter identified Labranche. Carpenter's counsel immediately moved for a mistrial, which was denied.

¶7. During closing arguments, the prosecution commented about Carpenter's identification of Labranche to which defense counsel objected, but again was overruled. At the conclusion of the trial, the jury returned a guilty verdict and Carpenter was sentenced to seven years in custody of the Mississippi Department of Corrections.

---

[1] When asked at trial how he knew it was the same individual "that had walked out of the cleaners," Officer Haymer could only identify Carpenter by saying "He was the same size individual."

[2] *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694, 706 (1966). *See also* *Dickerson v. United States,* 530 U.S. 428, 120 S.Ct. 2326, 147 L.Ed. 2d 405 (2000).

**ANALYSIS**

¶8. Carpenter raises the following four issues:

(1) Whether the trial court erred by allowing testimony of the arresting officer over objection following the granting of a motion in limine.

(2) Whether the trial court erred by failing to grant Carpenter's motion for a mistrial following the testimony of the arresting officer.

(3) Whether the trial court erred in allowing the prosecutor to refer to the testimony of the arresting officer in his closing statement.

(4) Whether the trial court erred by not granting Carpenter's motion for judgment notwithstanding the verdict or, in the alternative, a new trial.

We begin by addressing issues (1) and (2) together.

> **I. Whether the trial court erred by allowing testimony of the arresting officer over objection following the granting of a motion in limine and by failing to grant a mistrial.**

¶9. During the suppression hearing, the trial court concluded that Carpenter's constitutional rights were violated when Officer Haymer took him into custody and questioned him before advising him of his *Miranda* rights. The trial court held:

> [T]he Court is going to grant the motion to suppress as far as the suspect admitting that he and his friend, Clifford Labranche, broke into the business, that and anything connected with that. There may be some other parts there too, but as of now that's the only thing that stands out in the opinion of the Court that is not admissible. Of course, the other parts may be, such as this statement, the suspect was apprehended several feet from where he had hidden the stolen property from the business. He can certainly testify as to where he was arrested in connection to where he found some clothes in the area, or something like that.

¶10. Thereafter, following jury selection but prior to opening statements, defense counsel raised the following:

> BY MR. RUNDLETT: The Court will recall that the defense filed a suppression motion several weeks ago based upon the belief that the defendant

3

was somehow coerced into making statements that the officer says that he made. During the course of that hearing it was determined based on Officer Haymer's testimony that the defendant was placed in handcuffs before any questioning occurred. He also testified that he heard glass breaking and saw someone running in the area before he put my client, Mr. Carpenter, in handcuffs.

\*\*\*

It's our contention that a motion in limine is more appropriate based on the fact that Vernell Carpenter was in custody and was interrogated.

BY THE COURT: All right. So that's what you're specifically asking to be excluded?

BY MR. RUNDLETT: And any statements that the officer claims my client made, such as also he claims that he asked him how did you get here and where is the car, after he was in handcuffs, after he had probable cause after hearing the glass break and seeing him run and - - seeing someone run and then seeing my client run.

And I would also ask that the portion of the testimony after Vernell Carpenter was in handcuff and questioned, on page six, he asked Vernell, who is this person that's coming from the car, and anything that was said in response thereto.

On page 11 of the transcript Officer Haymer admitted that Vernell Carpenter was in custody before he questioned him.

\*\*\*

We're asking that the fact that the officer learned this due to a custodial interrogation, whatever was said by my client should be suppressed.

BY THE COURT: All right. Response by the State.

BY MR. JACKSON: Your Honor, our response is that we've already gone over this matter. Basically Mr. Rundlett did you mention anything different than he mentioned during the motion to suppress hearing. It's res judicata.

\*\*\*

As far as the car and all that other stuff is concerned, that deals with the codefendant. These matter have been severed. We have no intention of going into details about him showing where the car was or talking about

4

the other defendant or anything.

***

Your Honor, there is no new evidence as the Court asked for.  The argument then was Miranda warnings.  The argument today is Miranda Warnings .  There is nothing new, nothing different.  And your Honor, it's our contention that his is res judicata.  The Court has ruled on this.  And we feel that this matter has been ruled on and it's closed so we should just move forward with the case.

***

BY MR. RUNDLETT: Your Honor, I did present the Court with two cases that I did not have at the time of the last hearing, which is Griffin versus State and Hopkins versus State.  And I believe that they're clear that any questioning after a person is taken into custody and he's deprived of his freedom in any significant way requires a Miranda warning.  And the officer stated I did not do that.

So any statements should be suppressed and I believe it's reversible error if they are not.

BY THE COURT:      On page 37, excuse me, 38, the Court at the previous hearing said, well, I've ruled the way I've ruled for right now, and unless either side furnishes authority to the contrary that's going to be the ruling of the Court.

Since that time defense counsel has furnished the two cases he referred to, Mississippi Supreme Court decisions, and they do reflect that once a defendant is in custody; that is, to the extent that he's in handcuffs, then he is in custody and not free to leave.  And it's undisputed that the arresting officer did not Mirandize the defendant while he was at the scene.
So as far as actual statements that were made by the defendant once he was in handcuffs, since there was no Miranda warning, and even if there were, which there was not apparently a voluntary waiver of the same, then I believe it would be reversible error for the officer to testify what the defendant told him.

***

So the motion in limine will be sustained.

***

We have no need to go into the codefendant, Mr. Clifford Lebranche,

5

in this case. We have no intention of bringing any of that up.

BY MR. ALEXANDER: Your Honor, could Mr. Jackson go to speak to Officer Haymer and tell him that he cannot talk about the statements, the Court has ruled.

BY THE COURT:     Certainly.


\* \* \*


¶11.    During his cross-examination of Officer Haymer, defense counsel elicited the following testimony:

Q.    And you arrested Clifford Labranche towards the front of the apartment complex; is that right?

A.  Somewhat.  I would have to clarify in order to answer your question.

Q.  Well, please clarify.

A.  Okay.  When Vernell ran, he ran toward the front of the building.  I ran after him toward the front of the building.  When I apprehended him it was more toward the front of the building than we were the back of the building.

Q.  Okay.

A.  Therefore - -

Q.  So answer the question.

BY THE COURT: Let him finish his answer.  Have you finished your answer?

A.  I have not.

BY THE COURT: All right.

A.  Therefore, when Mr. Labranche came out of hiding and approached me from behind, I then turned to Vernell to ascertain who that was - -

6

Q. Wait a minute.

BY THE COURT: Don't interrupt the witness.

BY MR. RUNDLETT: Your Honor, may we approach.

BY THE COURT: Would you listen to me. He may finish his answer.

BY MR. RUNDLETT: Your Honor, may we please approach.

BY THE COURT: Not at this time. You may proceed.

A. To ascertain who that individual was, and he identified him.

BY MR. RUNDLETT: Your Honor, I move for a mistrial. You moved that that cannot happen.

BY THE COURT: Denied. You may ask him further questions if you want to.

¶12. Defense counsel's question about where Labranche had been arrested did not invite the improper testimony offered gratuitously by Officer Hayman who, presumably, was warned by "Mr. Jackson" to refrain from providing only testimony regarding statements made by Carpenter. Counsel realized what was about to happen and tried to prevent it. The trial court perceived that counsel was interrupting the witness and refused to allow a bench conference. The trial court ordered defense counsel to allow Officer Haymer to finish his answer and, in doing so, allowed a statement into evidence which had been previously ruled inadmissible and appropriately so.

¶13. After the statement was heard by the jury, defense counsel immediately moved for a mistrial which was denied. Carpenter asserts that the trial court could have cured the error by admonishing the jury. Instead, by refusing to allow his counsel to approach the bench and by

failing to admonish the jury after the inadmissible statement was heard by the jury, Carpenter argues, the trial court destroyed his chance of receiving a fair and impartial trial.

¶14. This Court has held that "[w]hether to grant a motion for mistrial is within the sound discretion of the trial court."*Pulphus v. State*, 782 So. 2d 1220, 1223 (Miss. 2001) (collecting authorities). Furthermore, "[t]he standard of review for denial of a motion for mistrial is abuse of discretion." *Id.*

¶15. Carpenter contends that the trial court committed reversible error by not declaring a mistrial after Officer Haymer interjected testimony that had previously been ruled inadmissible. Carpenter points out that the statement made by Officer Haymer was the exact subject of his motion in limine.

¶16. This Court has held that "an officer may stop and detain a person to resolve an ambiguous situation without having sufficient knowledge to justify an arrest." *Griffin v. State*, 339 So. 2d 550, 553 (Miss. 1976). However, "*Miranda* requires that a suspect be advised of his Fifth Amendment right to silence and his Sixth Amendment right to counsel as a prerequisite to police interrogation 'after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.'" *Id.* (citing *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694, 706 (1966)).

¶17. The trial court was correct in granting the motion to suppress and the motion in limine. Carpenter was apprehended and handcuffed, which deprived him of his freedom of action. Therefore, Carpenter was in custody. Such custody triggered Carpenter's Fifth and Sixth Amendment rights. This Court has held that "[a]ny information gained from questioning before advising an accused of his *Miranda* warnings is inadmissible at trial." *Thompson v. State*, 342

So. 2d 306, 308 (Miss. 1977). Carpenter's identification of Labranche was unconstitutionally obtained by Officer Haymer, and, therefore, inadmissible.

¶18. Carpenter reminds us that when his counsel realized Officer Haymer was beginning to testify about the identification, he made a "stringent attempt" to stop the testimony. The State responds by pointing out that the jury had already heard testimony from the officer that there was a second man at the scene, and it was reasonable for the jury to have already inferred that the two men were connected. The State contends that this must have been a factor considered by the trial judge when he denied the motion for a mistrial.

¶19. Furthermore, the State contends that the motion in limine makes no mention of the identification of Labranche and that the officer would have eventually discovered his identity anyway; therefore, the testimony about the identification was harmless. This argument misses the point. It was not Labranche's identity at issue, but rather the prejudicial effect of Carpenter's identification of him.

¶20. There was no physical evidence linking Carpenter to the burglary. However, there was physical evidence connecting Labranche to the crime. The State was unable to establish any connection between Carpenter and Labranche, except through inadmissible testimony. Thus, the jury was provided with physical evidence connecting Labranche to the crime. Then, the jury was told that Carpenter was able to identify Labranche close to the scene of the crime. Therefore, the identification was unquestionably prejudicial.

¶21. The State points out that defense counsel was examining the officer when he testified about the identification. Carpenter is complaining, the State argues, because the answer given by Officer Haymer was not favorable to Carpenter. Thus, the State argues, even if there was

error, it was invited testimony and was harmless error. In support of this argument, the State cites *Davis v. State*, 660 So. 2d 1228, 1255 (Miss. 1995), in which this Court held that defense counsel's remarks invited the prosecutor to respond with improper statements. However, *Davis* is distinguishable.

¶22. In *Davis*, defense counsel called into question whether one of the witnesses could actually identify the defendant and the prosecutor responded by stating that the witness was capable of identifying him. *Id.* In the case before us today, it was indeed defense counsel examining the witness. However, defense counsel did not invite the testimony, and when it became apparent that Officer Haymer was going to gratuitously provide the improper testimony, he tried to prevent it.

¶23. This Court "will not reverse on the failure to grant a mistrial unless the trial court abused its discretion in overruling the motion for a mistrial." *Bass v. State*, 597 So. 2d 182, 191 (Miss. 1992). "The judge is provided considerable discretion to determine whether the remark is so prejudicial that a mistrial should be declared." *Roundtree v. State*, 568 So. 2d 1173, 1177 (Miss. 1990) (citation omitted). "Where 'serious and irreparable damage' has not resulted, the judge should 'admonish the jury then and there to disregard the improp[riety].'" *Id.* at 1178 (citing *Johnson v. State*, 477 So. 2d 196, 210 (Miss. 1985)). Carpenter contends that the trial court's refusal to stop the testimony, refusal to uphold its prior ruling, failure to grant a mistrial, and failure to admonish the jury to disregard any of the statements amount to an abuse of discretion. We agree.

**II. Whether the trial court erred in allowing the prosecutor to refer to the testimony of the arresting officer in his closing statement.**

10

¶24.    During the State's closing argument, the following took place:

He's said we don't want to talk about Clifford Labranche. We do. Clifford Labranche was arrested and he's awaiting trial just like Vernell Carpenter. He was arrested because he was bleeding and there was blood found at the scene. It doesn't take a super sleuth or DNA or Quincy, MD to figure out you've got blood at the scene, you find him standing around bloody, he's a suspect also. But what they don't want you to realize is when he was arrested and Clifford was first seen, he asked Vernell, Vernell, who is that. And Vernell said, oh, that's Clifford Labranche.

BY MR. RUNDLETT: Object, your Honor.

BY MR. ALEXANDER: It's in evidence, your Honor.

BY MR. RUNDLETT: I think you've already ruled on that in the pretrial motion.

BY MR. ALEXANDER: No - -

BY THE COURT: Well, the jury heard - - I'm going to sustain at this point.

BY MR. ALEXANDER: Your Honor, if I may, Officer Haymer testified about that from the stand.

BY MR. RUNDLETT: And I objected.

BY MR. ALEXANDER: He objected and you overruled his objection. Then he made a motion for a mistrial and you overruled.

BY THE COURT: The jury heard whatever was said.

BY MR. RUNDLETT: Move to instruct them to disregard that statement.

BY MR. ALEXANDER: What's the Court's ruling on that, your Honor, because the jury did hear it in evidence?

BY THE COURT: We would have to go back to the transcript and it would take a long time to find it. So the jury has already heard it. The jury will

11

have that to make a decision based on what they heard. The Court is not going to comment on it.

¶25. The prosecutor's closing argument further compounded the problem. After repeating Carpenter's improperly obtained identification of Labranche, the prosecutor argued to the jury the very point the trial court had already deemed inadmissible. The prosecutor linked the physical evidence connecting Labranche to the crime to Carpenter when he argued:

> But what they don't want you to realize is when he was arrested and Clifford was first seen, he asked Vernell, Vernell, who is that. And Vernell said, oh, that's Clifford Labranche.

¶26. As stated, supra, allowing the officer to testify about the identification was not harmless error, and the prosecutor's reference in closing argument to the identification simply amplified the error and its prejudicial effect.

### III. Whether the trial court erred by not granting Carpenter's motion for judgment notwithstanding the verdict or, in the alternative, a new trial.

¶27. Having found that reversible error requires reversal and remand for a new trial, we need not address this issue.

## CONCLUSION

¶28. The trial court committed reversible error when it allowed the testimony of Carpenter's identification of Labranche. Furthermore, the trial court abused its discretion when it denied the motion for mistrial and for a new trial. Therefore, the judgment of the Hinds County Circuit Court is reversed, and this case is remanded for a new trial consistent with this opinion.

¶29. **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, GRAVES AND RANDOLPH, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**