# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01310-COA

**LAKOTAH JONES AND REBECCA JONES**  APPELLANTS

**v.**

**RAYMOND JONES AND MICHAEL WALDO**  APPELLEES

DATE OF JUDGMENT:  08/09/2019
TRIAL JUDGE:  HON. GEORGE M. MITCHELL JR.
COURT FROM WHICH APPEALED:  GRENADA COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANTS:  LAKOTAH JONES (PRO SE)
  REBECCA JONES (PRO SE)
ATTORNEYS FOR APPELLEES:  RAYMOND JONES (PRO SE)
  MICHAEL WALDO (PRO SE)
NATURE OF THE CASE:  CIVIL - REAL PROPERTY
DISPOSITION:  AFFIRMED - 11/24/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE WILSON, P.J., WESTBROOKS AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1. Two tenants appealed to circuit court from an order of eviction from justice court in Grenada County. The circuit court affirmed, ruling that the "order for eviction . . . be upheld." In upholding the order of eviction, the circuit court ruled that the two tenants "are ordered to vacate the premises . . . immediately," further finding that they were holding over without authority.

¶2. The tenants appealed, and the case was assigned to this Court, where they claimed two errors: that the person who sought the eviction had no standing to do so, and essentially that they were not granted a stay of the eviction pending the disposition of their case on appeal.

In the landowner's view, the now former tenants "have successfully extended the process for over three years, during which time they lived in [his] home rent free at great financial cost to him."

¶3. There are certain longstanding rules implicated by this appeal. First, "[i]t is the duty of the appellant to provide the record of the trial proceedings wherein the error claimed is brought before this Court." *G.R. v. Miss. Dep't Human Servs. (In re V.R.)*, 725 So. 2d 241, 245 (¶16) (Miss. 1998); *see* MRAP 28(a)(7) (requiring parties to cite to the "parts of the record relied on"). "The appellants have the burden of ensuring the record contains all facts necessary to the determination of the matters appealed." *Id.*

¶4. Likewise, the Rules of Appellate Procedure require that "if the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." MRAP 10(b)(2). Ultimately, "[i]t is well settled that a reviewing court cannot consider matters which do not appear in the record and must limit itself to the facts that do appear in the record." *In re V.R.*, 725 So. 2d at 245 (¶16).

¶5. The Supreme Court held that in the case of *In Re V.R.* the parties "were presented with ample opportunity to make" their arguments, including during hearings, in a "motion to reconsider, during the final review hearing or in the motion for a new trial." *Id.* at 245 (¶15). Never having been preserved in the court below, the appellant's issue was "barred at the appellate level." *Id.* The Court found that "[t]he appellants did not provide the complete record for review by this Court . . . all matters necessary for determining this issue are not

2

present" and affirmed the decision below. *Id.*

¶6. We reach the same result today. The record in this case is eleven pages long, consisting of a table of contents, a docket filing sheet, the abstract judgment from justice court, the order from the circuit court upholding the justice court's judgment, a handwritten limited power of attorney, the notice of appeal, a designation of the record, a certificate of compliance of the record, and certificates from the circuit court clerk of completion and cost. Nowhere in this record is there meaningful support for the arguments of the former tenants regarding the alleged lack of standing of the landowner to obtain eviction or that they were denied due process or support for a claim for allegedly improper or faulty service. Without a record to sustain their arguments, the former tenants cannot meet their burden of showing the trial court's ruling was in error.

¶7. Furthermore, the majority of the contents of the former tenants' record excerpts are not contained in the record below; similarly, the appellee attached to his brief several other documents from outside the record. "This Court will not consider matters that do not appear in the record, and it must confine its review to what appears in the record." *Pulphus v. State*, 782 So. 2d 1220, 1224 (¶15) (Miss. 2001). Attaching documents to briefs or including them in record excerpts does not make them a part of the certified record as required by Mississippi Rule of Appellate Procedure 10, and so they will not be considered.

¶8. "A trial court's judgment is presumptively correct and the appellant must demonstrate reversible error to this Court." *Hall v. State*, 295 So. 3d 544, 554 (¶21) (Miss. Ct. App. 2019). "The transcript of evidence is necessary for the Court to properly evaluate . . .

3

assignments of error, and since the testimony is not before the Court, the errors, if any, are not shown by the portion of the record before the Court." *Walker v. Jones Cty. Cmty. Hosp.*, 253 So. 2d 385, 385 (Miss. 1971). Because the record in this appeal does not support either assignment of error and because the trial court's order is presumptively correct, we affirm the judgment of eviction.

¶9.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD AND LAWRENCE, JJ., CONCUR.**