McMILLIN, C.J.,
for the court.
¶ 1. Dannie Ray Sharkey was found guilty of armed robbery by an Attala County Circuit Court jury and was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections as a habitual offender. Aggrieved by his conviction, Sharkey has appealed. He advances two issues that he claims warrant relief. First, he says that he received ineffective assistance of counsel in the course of his trial. As his second issue on appeal, Sharkey claims that the trial court committed reversible error when it refused his requested jury instruction intended to enlighten jurors as to the concept of rea *546 sonable doubt. Finding no error, we affirm the conviction.
I.
Facts
¶ 2. During the afternoon of October 9, 2000, a masked individual wielding a gun entered the Kosciusko Check and Title offices and demanded that both cash registers be opened. The owner and the store manager witnessed the robber take the money from the registers and exit through the front door. The owner’s wife, who was also present, had been hiding under the counter during the robbery. She and the owner followed the robber out of the building and saw him leaving the parking lot in a white Explorer.
¶ 3. A passing motorist, determining that something was amiss, pursued the Explorer. The motorist, familiar with the roads in the area, took a road that intersected with the road the Explorer was traveling on. This maneuver caused the motorist to momentarily lose sight of the Explorer. However, the motorist managed to get a good view of the driver of the Explorer when the vehicle hit a ditch, spun around, and proceeded back toward the motorist. Eventually, the robber abandoned the Explorer and disappeared into a woody area.
¶ 4. Police searched the Explorer and found the driver’s license of Dannie Shar-key and a copy of the vehicle title, showing ownership in Cassandra Sharkey. A wallet, checkbook and social security card were also found in the Explorer, all bearing the identifying information of Dannie Sharkey. A police officer stopped Sharkey later that day as Sharkey walked along a highway. Sharkey had $180 in bills and $14 in quarters on his person at the time he was stopped. A total of $3,936 had been taken from the check and title business. The motorist who gave initial pursuit later identified Sharkey as the driver of the Explorer in a photographic lineup. The owner of the check and title business was acquainted with Sharkey as a frequent business customer and confirmed that Sharkey’s general physique matched that of the robber. Additionally, the store manager viewed photographs taken of Sharkey after his detention and confirmed that the clothes Sharkey was wearing appeared to be the same as those worn by the robber.
II.
Ineffective Assistance of Counsel
¶ 5. Sharkey bases his claim of ineffective assistance of counsel on two alleged failures by defense counsel to perform up to constitutionally-mandated levels of competence. One instance was defense counsel’s failure to subpoena a particular witness that Sharkey now contends had evidence crucial to his defense. The other was counsel’s failure to request a circumstantial evidence jury instruction.
¶ 6. In order to prevail on a claim of ineffective assistance of counsel, a defendant must show from the record that his counsel’s performance was deficient, and that the defendant was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Analysis begins with the assumption that counsel’s performance met minimal standards of professional competence. Conner v. State, 684 So.2d 608, 610 (Miss.1996). The appellate court has to consider the totality of the circumstances in order to determine whether counsel’s actions were both deficient and prejudicial. Id. There is no constitutional guarantee to errorless counsel. Strickland, 466 U.S. at 686, 104 S.Ct. 2052.
*547 ¶ 7. In order to meet the second prong of the Strickland test, Sharkey has the burden to “show a ‘reasonable probability’ that, but for counsel’s unprofessional errors, a different outcome would have resulted at trial.” Id. at 694, 104 S.Ct. 2052. A reasonable probability has been said to be one sufficient to undermine confidence in the outcome of the proceeding. Id. Keeping this test in mind, we review Shar-key’s allegations of ineffective assistance of counsel.
¶ 8. Sharkey did not take the stand during his trial, but, from statements given investigating officers, it would appear that his defense was that he had been at a casino during the robbery and that he was carjacked by the actual robber and later abandoned, and that he was making his way back toward town on foot when he was picked up. He claimed at a new trial motion hearing that trial counsel refused his request to have a witness named Ike Barnes subpoenaed for trial as being a witness who could, in some way, substantiate this defense. There was no showing at the hearing as to what specific evidence Barnes could give relevant to the defense. An allegation of ineffective assistance of counsel based on the failure to properly prepare must state how any additional investigation, such as interviewing witnesses or investigating facts, would have significantly aided the defense during the course of the trial. Brown v. State, 798 So.2d 481, 495 (¶ 17) (Miss.2001).
¶ 9. Where the record on direct appeal does not provide sufficient information to permit the reviewing court to meaningfully consider the merits of a claim of ineffective assistance, the appellate court should deny relief without prejudice so as to preserve the opportunity for later, complete consideration of the matter in a post-conviction relief hearing where there is the possibility that additional evidence may be presented. Read v. State, 430 So.2d 832, 837 (Miss.1983); Foreman v. State, 830 So.2d 1278, 1280(¶ 9) (Miss.Ct.App.2002). In order to fully explore Shar-key’s claim, it would be necessary to consider matters not in this record. We, therefore, find that the appropriate resolution of Sharkey’s claim of ineffective assistance of counsel on this issue is to deny relief without prejudice.
¶ 10. Sharkey also maintains that trial counsel’s failure to request a circumstantial evidence instruction amounted to ineffective assistance. The rule is well established that when the collection of admitted evidence is either direct evidence, or a combination of both direct and circumstantial evidence, circumstantial evidence jury instructions are not warranted. Sullivan v. State, 749 So.2d 983, 992 (¶ 20) (Miss.1999). The evidence must be wholly circumstantial to warrant a circumstantial evidence instruction. Id. In this case, the passing motorist pursued Sharkey as he fled in the white Explorer and actually saw his face. The owner, the owner’s wife, and the store manager were able to match the description of the robber to a frequent customer of the business. In fight of the eyewitness identification, Sharkey was not entitled to a circumstantial evidence instruction. It is a matter of simple logic that counsel’s performance cannot be rendered constitutionally ineffective for his failure to ask for an instruction that was not warranted under established case law.
III.
Requested Jury Instruction
¶ 11. Sharkey requested a jury instruction dealing with reasonable doubt in the following form:
The court instructs the jury for the defendant, that under the law, the term “reasonable doubt” as used in the *548 courts, in the instructions to juries, as the law, in the trial of cases, is a sacred and substantial right of a defendant charged with a criminal offense, given and guaranteed unto him by the law of the land, and that such reasonable doubt may arise from the testimony or from the lack of testimony and that, under the law, it is the sworn duty of the jury and each member thereof, that if there is a reasonable doubt in the minds of this jury, as to the guilt of the defendant as charged in the indictment, to return a verdict of Not Guilty.
¶ 12. The trial judge refused to grant the instruction and Sharkey claims that to be reversible error. Jury instructions must be read as a whole, not independently, in assessing claims of error on appeal. Pulphus v. State, 782 So.2d 1220, 1225 (¶ 19) (Miss.2001). The court gave two instructions that spoke to the issue of reasonable doubt in the following form:
The law presumes every person charged with the commission of a crime to be innocent. This presumption places upon the State the burden of proving the defendant guilty of every material element of the crime with which the defendant is charged. Before you can return a verdict of guilty, the State must prove to your satisfaction beyond a reasonable doubt that the defendant is guilty. The presumption of innocence attends the defendant throughout the trial and prevails at its close unless overcome by evidence which satisfies the jury of the defendant’s guilt beyond a reasonable doubt. The defendant is not required to prove his innocence.
The burden of proof in this ease is on the State to prove the defendant’s guilt beyond a reasonable doubt. The Defendant is not required to prove anything in this cause or to testify in his own behalf. You must not hold the fact that the defendant did not testify in this case against him or as any evidence of guilt.
¶ 18. The court may properly refuse an instruction on the basis that the matter addressed is “fairly covered elsewhere in the instructions.... ” Cohen v. State, 732 So.2d 867, 872 (¶ 13) (Miss.1998). We conclude that the two instructions given adequately informed the jury as to the proper standard by which to determine the defendant’s guilt or innocence and that it was not error to refuse this third instruction speaking to the same concept.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ATTALA COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.