# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-KA-00366-SCT

*KENNETH W. CHESTER a/k/a*
*KENNETH CHESTER a/k/a*
*KENNY WAYNE*

*v.*

*STATE OF MISSISSIPPI*


| | |
|---|---|
| DATE OF JUDGMENT: | 01/12/2005 |
| TRIAL JUDGE: | HON. MIKE SMITH |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PAUL M. LUCKETT |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | DEWITT BATES, JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 07/20/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE SMITH, C.J., WALLER, P.J., AND DICKINSON, J.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    Kenneth W. Chester was convicted of possession of cocaine while in possession of a firearm, possession of marihuana while in possession of a firearm, and possession of a firearm by a convicted felon by a Pike County Circuit Court jury and sentenced to seventeen years in the custody of the Mississippi Department of Corrections. It is from these convictions and sentences that he now appeals.

**FACTS**

¶2.    The facts leading to Kenneth Chester's arrest are not at issue in this case, and the sufficiency and weight of the evidence are not raised on appeal.    Accordingly, the facts of this case are briefly summarized.    Chester arranged to sell cocaine powder to an informant for the Mississippi Bureau of Narcotics (MBN).  Conversations between Chester and the informant were recorded by the MBN.    A woman later identified as Flora Brister appeared on Chester's behalf and sold the informant cocaine.    Brister was arrested, and it was learned that she lived at the same residence as Chester.    A search warrant was prepared by the MBN to be executed at Chester's residence.    Authorities discovered cocaine and marihuana in his home.    A pistol was also discovered in Chester's home during the execution of the search warrant.    Chester was charged with possession of a firearm, possession of marihuana while in possession of a firearm, and possession of a firearm by a convicted felon.    He was also charged with intent to distribute the cocaine and marihuana.    A jury returned verdicts finding Chester guilty of all charges except the charges for intent to distribute.    Chester was sentenced as a habitual offender to seventeen years in prison.

**DISCUSSION**

**I.    *BATSON* CHALLENGES**

¶3.    Chester alleges that the State improperly used two of its peremptory challenges against two potential jurors solely based on their race in violation of ***Batson v. Kentucky***, 476 U.S. 79, 96-97, 106 S. Ct. 1712, 1723, 90 L. Ed. 2d 69 (1986).[1]    Chester argues that the circuit court

---

[1]When a ***Batson*** challenge is raised, a three-pronged inquiry ensues.    First, the party objecting to the peremptory challenge "must make a prima facie showing that race was the

erroneously accepted the State's race-neutral explanations and failed to make on the record findings concerning the two challenges. We give great deference to a trial court's findings of whether or not a peremptory challenge was race-neutral. *Lynch v. State*, 877 So. 2d 1254, 1270 (Miss. 2004); *Walker v. State*, 815 So. 2d 1209, 1214 (Miss. 2002). Such deference is necessary because finding that a striking party engaged in discrimination is largely a factual finding and thus should be accorded appropriate deference on appeal. *Id.* We will not overrule a trial court on a *Batson* ruling unless the record indicates that the ruling was clearly erroneous or against the overwhelming weight of the evidence. *Id*.

*Juror # 32, Helen Love*

¶4.    The first venire member Chester alleges was improperly struck was Juror # 32, Helen Love. Chester argues the State only gave Love's employment with Sanderson Farm Poultry Plant as its race-neutral reason for striking her and such explanation was insufficient to overcome the *Batson* challenge. Chester's argument, though, is not supported by the record which shows that the State originally challenged Love for cause. A past incident in a courtroom involving the sentencing of Love's husband for a crime showed Love expressing a distaste for the district attorney's office in the past, and the State argued she simply could not be trusted to be impartial in the present case. The circuit court judge refused the challenge for

---

criteria for the exercise of the peremptory strike." *Lynch v. State*, 877 So. 2d 1254, 1270-71 (Miss. 2004). Second, the burden shifts to the party who exercised the challenge to give a race-neutral reason for exercising the peremptory strike. *Id*. at 1271. Finally, the trial court determines whether the party objecting to the peremptory strike has shown the presence of purposeful discrimination in the strike's use. *Id*. at 1272. In the present case, the circuit court found that Chester made a prima facie showing of the use of racial criteria in the State's exercising of strikes against Jurors Love and Bennett.

cause but stated he would instead let the State "use one of your peremptories on her." Additionally, there is no mention of Love's employment in the State's reasons for striking her. The State's race-neutral reasons were the same ones used in an attempt to challenge Love's placement on the jury for cause. Dissatisfaction with prosecution or district attorney's conduct in a past case involving a family member may provide a race-neutral reason for striking a juror. *See Thorson v. State*, 895 So. 2d 85, 119 (Miss. 2004). The record simply does not support Chester's claim that the circuit court erred in accepting the State's race-neutral reasons for using one of its peremptory challenges to remove Helen Love from the jury.

*Juror # 27, Casey Bennett*

¶5. The second member of the venire Chester argues was improperly removed was Juror # 27, Casey Bennett. When asked to give a race-neutral reason for striking Bennett, the State responded that Bennett's jury questionnaire revealed that her workplace was across the street from where Chester lived. The record also reveals she lived across the street from Chester's residence. The circuit court accepted this reason, and Chester argues the circuit court judge erred in doing so. Where a juror resides can provide a valid race-neutral reason that overcomes a *Batson* challenge. *See Gibson v. State*, 731 So. 2d 1087, 1096 (Miss. 1998); *Barnett v. State*, 757 So. 2d 323, 327 (Miss. Ct. App. 2000). Also, the record shows that Chester even admitted the circuit court's ruling finding the State's race-neutral reason for striking Bennett to be understandable and agreeing it was for nondiscriminatory reasons. Thus, the record does not support Chester's argument that the circuit court erred in finding that the State's race-neutral reason for striking Bennett was valid and did not violate *Batson*.

## II. SEARCH AND SEIZURE

4

¶6.    In his pro se brief, Chester alleges that his Fourth and Fourteenth Amendment rights were violated because he was not given a copy of the search warrant by officers of the Mississippi Bureau of Narcotics when they searched his home.    While Chester alleges this information was recorded during a suppression hearing, no transcript of that hearing is included in the record.    We cannot decide issues on direct appeal when they are not supported by the record.    *Pulphus v. State*, 782 So. 2d 1220, 1224 (Miss. 2001) ("Issues cannot be decided based on assertions from the briefs alone. The issues must be supported and proved by the record.") (citing *Robinson v. State*, 662 So. 2d 1100, 1104 (Miss. 1995)).    Additionally, even if such a hearing could be found in the record, Chester's argument still fails.    While Miss. Code Ann. § 41-29-157(a)(3) (Rev. 2005) clearly dictates Chester should have received a copy of the warrant, we have never held that failure to follow this procedure constitutes reversible error or voids an otherwise valid search.    *See Williams v. State*, 583 So. 2d 620, 624-25 (Miss. 1991).    Because this issue finds no support in the record, it is without merit.

### III.    INEFFECTIVE ASSISTANCE OF COUNSEL

¶7.    Chester argues that his counsel was ineffective by failing to investigate whether a proper search warrant was executed during the search and seizure of Chester's home and property and by failing to obtain a transcript of a suppression hearing that would have proven such violations occurred.    Chester again fails to point to any part of the record to substantiate his claim that a suppression hearing was ever held.    We cannot consider claims not supported by the record on direct appeal, and, as such, this issue is without merit.    *See Pulphus*, 782 So. 2d at 1224; *Robinson*, 662 So. 2d at 1104.

### CONCLUSION

¶8. Because Chester has failed to raise any errors warranting reversal, we affirm the circuit court's judgment.

¶9. **COUNT I: CONVICTION OF UNLAWFUL POSSESSION OF LESS THAN ONE TENTH (0.1) GRAM OF COCAINE WHILE IN POSSESSION OF A FIREARM BY A HABITUAL OFFENDER AND SENTENCE OF EIGHT (8) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAYMENT OF A FINE OF $10,000.00, AFFIRMED. COUNT II: CONVICTION OF UNLAWFUL POSSESSION OF AT LEAST THIRTY (30) GRAMS BUT LESS THAN TWO HUNDRED FIFTY (250) GRAMS OF MARIHUANA WHILE IN POSSESSION OF A FIREARM BY A HABITUAL OFFENDER AND SENTENCE OF SIX (6) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAYMENT OF A FINE OF $3,000.00, AFFIRMED. COUNT III: CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON WHO IS A HABITUAL OFFENDER AND SENTENCE OF THREE (3) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAYMENT OF A FINE OF $10,000.00, AFFIRMED. ALL COUNTS SHALL RUN CONSECUTIVELY FOR A TOTAL OF SEVENTEEN (17) YEARS, THE SEVENTEEN (17) YEARS BEING SERVED DAY FOR DAY WITHOUT BENEFIT OF EARLY RELEASE, PROBATION OR PAROLE. APPELLANT SHALL PAY COURT APPOINTED ATTORNEY'S FEES IN THE AMOUNT OF $4,000.00 AND ALL COURT COSTS.**

**SMITH, C.J., COBB, P.J., DIAZ, EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR.**