ISHEE, J.,
concurring in part and dissenting in part:
¶ 39. While I agree with most of the majority’s opinion, I must dissent with regard to the prosecutor’s closing statements addressing Fullilove’s decision not to testify. Fullilove asserts that his Fifth Amendment right to remain silent was violated by the prosecutor’s commentary and that, as a result, his motion for a mistrial should have been granted.
¶ 40. The majority properly notes that the standard of review for the denial of a motion for a mistrial is abuse of discretion. Pulphus v. State, 782 So.2d 1220, 1223 (¶ 10) (Miss.2001) (citation omitted). Violation of a defendant’s Fifth Amendment right to remain silent through improper prosecutorial commentary regarding a defendant’s decision not to testify has long been a well-versed judicial debate in Mississippi and nationwide. In 1988, the Mississippi Supreme Court stated: “For nearly a century we ... have held that any comment by the prosecutor regarding the defendant’s failure to testify was incurable, reversible error.” Livingston v. State, 525 So.2d 1300, 1308 (Miss.1988) (citations omitted). In 2007, the supreme court clarified Livingston by holding: “What is prohibited is any reference to the defendant’s failure to testify implying that such failure is improper, or that it indicates the defendant’s guilt. Prosecutors must always choose their words very carefully in this crucial aspect of the trial.” Wright v. State, 958 So.2d 158, 161 (¶ 8) (Miss.2007). Accordingly, there is a legal divide between a prosecutor’s improper commentary on a defendant’s failure to testify and a proper response to an asserted defense.
¶ 41. One year after Wright was handed down, the supreme court again emphasized:
There is a difference between a comment on the defendant’s failure to testify and a comment on the defendant’s failure to put on a successful defense. The [Sjtate is entitled to comment on the lack of any defense, and such comment will not be construed as a reference to the defendant’s failure to testify by innuendo and insinuation. The question is whether the prosecutor’s statement can be construed as commenting upon the failure of the defendant to take the stand.
Dora v. State, 986 So.2d 917, 923 (¶ 11) (Miss.2008) (internal quotations and emphasis omitted).
¶ 42. The United States Supreme Court has also fervently analyzed the issue and clearly stated in the benchmark case of Griffin v. California, 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965): “[T]he Fifth Amendment ... forbids either comments by the prosecution on the accused’s silence or instructions by the court that such silence is evidence of guilt.” Later, in United States v. Robinson, 485 U.S. 25, 27, 108 S.Ct. 864, 99 L.Ed.2d 23 (U.S.1988), the Supreme Court examined a case wherein defense counsel stated in closing arguments that during the trial, the government had made accusations against the defendant that the defendant was unfairly prohibited from explaining because he exercised his right to remain silent. Defense counsel added that the defendant was not required to testify and that the jury could not and should not draw any adverse inference from the defendant’s decision not to take the stand. Id. at 27-28, 108 S.Ct. 864.
¶ 43. The prosecutor objected to defense counsel opening the door to commentary on the defendant’s failure to take the *681 stand and further objected to defense counsel’s argument to the jury that the prosecution had impeded the defendant’s ability to testify. Id. at 28, 108 S.Ct. 864. The trial court agreed with the prosecution and allowed the prosecutor to defend his case against defense counsel’s remarks. Id. The prosecutor then rebutted defense counsel’s claims by clarifying that the defendant had every right to explain his side of the case to the jury and that the prosecution did nothing to hinder the defendant’s opportunity to testify. Id.
¶ 44. On appeal, the Supreme Court analyzed Robinson in the context of Griffin and stated:
Griffin prohibits the judge and prosecutor from suggesting to the jury that it may treat the defendant’s silence as substantive evidence of guilt. In the present case, it is evident that the pros-ecutorial comment did not treat the defendant’s silence as substantive evidence of guilt, but instead referred to the possibility of testifying as one of several opportunities which the defendant was afforded, contrary to the statement of his counsel, to explain his side of the case. Where the prosecutor on his own initiative asks the jury to draw an adverse inference from a defendant’s silence, Griffin holds that the privilege against compulsory self-incrimination is violated. But where as in this case the prosecutor’s reference to the defendant’s opportunity to testify is a fair response to a claim made by defendant or his counsel, we think there is no violation of the privilege.
Id. at 82, 108 S.Ct. 864 (internal quotations and citation omitted).
¶ 45. Thus, the statement at issue must be examined to determine its context. As discussed above, during closing arguments, the prosecutor stated:
Now[,] I hope you don’t hold it against the State that I only called two people as a witness [sic] in this case. I didn’t feel like it was a very complicated case. I called the two most important people. But I think that Anthony Fullilove, though he did not testify, spoke more in this case than any other....
¶ 46. Fullilove’s counsel objected to the prosecutor’s comment and moved for a mistrial, which was ultimately denied. The prosecutor continued with his closing statement, noting: “Anthony Fullilove, through his body language on those videos, as well as his statement given to [Investigator] Walker, tells you everything and shows you everything in this case.”
¶ 47. I disagree with the majority’s affirmation of the circuit court’s denial of Fullilove’s motion for a mistrial. The majority places great weight on the fact that a pretrial recorded audio statement was admitted into evidence during the trial, and that pursuant to Mississippi law, counsel is allowed to refer to admitted evidence during closing statements. While I recognize that a pretrial recorded audio statement was entered into evidence, I fail to see how that admission in some way opened the door to the State’s commentary on Fullilove’s invocation of his Fifth Amendment right during trial. There is no evidence in the record that Fullilove’s defense counsel referenced Fullilove’s decision not to testify at trial; hence, his counsel did nothing to provoke the State’s commentary regarding his ability and failure to testify at trial. The existence and admission of a pretrial recorded audio statement has no bearing on Fullilove’s right to remain silent at trial. If anything, the audio statement’s admission into evidence further taints the prosecutor’s comments as prejudicial, in my opinion. If the State already had Fullilove’s pretrial testimony to produce to the jury, highlighting his *682 failure to take the witness stand during the trial serves no substantive purpose and does nothing more than infer guilt.
¶ 48. Additionally, the comment was not a mere inference of Fullilove’s failure to take the stand or a notation of his various defense options. It was a blatant statement that Fullilove chose not to testify in his defense. The prosecutor’s statement directed the jury’s attention to the fact that Fullilove declined to take the stand on his own behalf even though his testimony in his pretrial recorded audio statement had already been admitted.
¶ 49. Supplying the jury with such information has highly prejudicial consequences, and the context of the prosecutor’s comments merely accentuates the improper reference to Fullilove’s exercise of his Fifth Amendment right. Both the Mississippi Supreme Court and this Court have repeatedly warned prosecutors to respect the sanctity of an accused’s right not to testify. See, e.g., Griffin v. State, 557 So.2d 542, 551-53 (Miss.1990); Davis v. State, 970 So.2d 164, 170-73 (¶¶ 17-31) (Miss.Ct.App.2006). As evidenced by the present case, our warnings have gone unheeded. Accordingly, I must dissent from the majority, as I find that the circuit court committed reversible error in denying Fullilove’s motion for a mistrial.
LEE, C.J., BARNES AND RUSSELL, JJ„ JOIN THIS OPINION.