IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60289
_____

LORI HATLEY; HABAKKUK COOPER,

Plaintiffs-Appellants,

v.

HILTON HOTELS CORP.; BALLY'S OLYMPIA L.P.,

Defendants-Appellees.

---------------------

Appeal from the United States District Court
for the Northern District of Mississippi
---------------------
October 1, 2002

Before SMITH, BENAVIDES and PARKER, Circuit Judges.

BENAVIDES, Circuit Judge:

Plaintiffs-appellants appeal the district court's rendering of judgment as a matter of law in favor of the defendants, on plaintiffs' claims of sexual discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq*. and 42 U.S.C. § 1981a, and intentional infliction of emotional distress under Mississippi state law. The district court's decision was rendered after a jury had found in favor of plaintiffs on both types of claims and awarded $150,000.00 in damages to each. In addition, the plaintiffs argue that the district court erred by refusing to instruct the jury on punitive damages. We reverse the district court's judgment with respect to the sexual harassment

claims, affirm with respect to the claims for intentional infliction of emotional distress and remand for a new trial on damages.

Plaintiffs, Lori Hatley ("Hatley") and Habbakuk Cooper ("Cooper"), worked as cocktail waitresses at Bally's Olympia, L.P. ("Bally's") in 1997 and 1998. At the district court, both of them alleged that they were subjected to sexual harassment from supervisors, and that even though they reported the harassment, Bally's conducted only a sham investigation that ultimately led the two women to resign.

Judgment as a matter of law should be rendered when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). "In entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record... [H]owever, the court must draw all reasonable inferences in favor of the nonmoving party, and *it may not make credibility determinations* or weigh the evidence.. . . Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)(emphasis added).

In granting judgment as a matter of law, the district court found that Bally's had proven an affirmative defense under

2

*Burlington Ind. v. Ellerth*, 524 U.S. 742, 765 (1998) because Bally's had exercised reasonable care to prevent and correct the harassment, and the plaintiffs had unreasonably failed to take advantage of preventive or corrective opportunities offered by Bally's. In the alternative, the district court found that the plaintiffs had not proven that any harassment was severe or pervasive enough to alter the conditions of their employment.

Applying the standard of review described above, we find that the district court erred in granting judgment as a matter of law on the sexual harassment claims. In support of their claims, both women testified at trial in detail as to pervasive and severe harassment on the part of Bally's supervisors, which consisted of repeated inappropriate touching, vulgar comments, propositioning, and physical aggression by Jesse Stotts ("Stotts"), their supervisor, and Charles Perkins ("Perkins"), the Director of Food and Beverages. The record shows that similar behavior was described in their depositions and in the written complaints they submitted to Bally's. Such evidence is sufficient to support the jury's finding that the harassment at issue created a hostile work environment. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-23 (1993); *Farpella-Crosby v. Horizon Health Care*, 97 F.3d 803, 805-06 (5th Cir. 1996). It also suffices to support a finding that the defendants were vicariously liable for the harassment. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998) ("An

3

employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee."); *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999).

In addition, the plaintiffs presented sufficient evidence to support the jury's finding that Bally's had not made out the *Ellerth* affirmative defense. The defendants presented evidence that Davidson had interviewed numerous witnesses in the process of conducting its investigation, and Davidson testified that she had done everything she could to investigate the complaints. But plaintiffs submitted evidence that contradicted Bally's description of the investigation. Both plaintiffs testified that after they made formal complaints about the harassment, Bally's failed to effectively separate them from the harassing supervisors, and the harassment continued until their departure. James Bostain, a beverage supervisor at Bally's, testified that previous sexual harassment complaints had "fallen through the cracks" when submitted to Davidson. And four other cocktail waitresses testified about their own earlier complaints to Davidson of sexual harassment, particularly with regard to Stotts' and Perkins' behavior, and the failure of Bally's to respond to such complaints.[1] Such evidence supports the jury's finding that the

---

[1]Such statements were admissible for purposes of showing that Bally's was on notice that Stotts and Perkins might have been sexually harassing employees. *Green v. Administrators of*

4

investigation was inadequate and that Bally's did not take reasonable measures to correct or prevent the harassment. While Bally's presented evidence to the contrary, the jury was free to choose between the conflicting versions of events. *See Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 225 (5th Cir. 2000). The district court could not substitute its own determination of the witnesses' credibility for that of the jury; in doing so, it erred.

The district court did not err in rendering judgment as a matter of law on the state claims for intentional infliction of emotional distress. The standard for intentional infliction of emotional distress in Mississippi is very high: the defendant's conduct must be "wanton and wilful and [such that] it would evoke outrage or revulsion." *Leaf River Forest Prods., Inc. v. Ferguson,* 662 So.2d 648, 659 (Miss. 1995). "A Mississippi federal court defined the necessary severity as acts so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Speed v. Scott*, 787 So.2d 626, 630 (Miss. 2001)(citations omitted). As this Court has noted in relation to Texas law, "even though conduct may violate Title VII as sexual harassment, it does not necessarily become intentional infliction of emotional distress[.]" *Prunty v. Arkansas Freightways, Inc.*, 16 F.3d 649, 654 (5th Cir. 1994). As a matter

---

*Tulane Educ. Fund*, 284 F.3d 642, 660 (5th Cir. 2002).

5

of law, Davidson's failure to respond adequately to the plaintiffs' complaints, while negligent, does not rise to the level of outrageousness necessary to establish intentional infliction of emotional distress. While the jury could reasonably have determined that the evidence of Perkins' and Stotts' behavior reached the requisite degree of outrageousness, there was no basis for finding Bally's vicariously liable for intentional infliction of emotional distress. Under Mississippi law, "an employer is not liable for an employee's intentional or criminal acts unless the employer either authorized or ratified the act." *Tichenor v. Roman Catholic Church of Archdiocese of New Orleans*, 32 F.3d 953, 959 (5th Cir. 1994); *McClinton v. Delta Pride Catfish, Inc.*, 792 So.2d 968, 976 (Miss. 2001).[2] The plaintiffs presented no evidence that Bally's authorized the harassment, and the only evidence of ratification was that Bally's did not fire the harassers – a fact that is insufficient on its own to establish ratification. *Craft v. Magnolia Stores Co.*, 138 So. 405, 406 (Miss. 1931).

Finally, the district court did not err in failing to instruct the jury on punitive damages. "An employer is liable for punitive damages in a Title VII action if (1) its agent is employed in a position of managerial capacity, (2) the agent acts within the scope of employment, and (3) the agent acts with malice or reckless

---

[2]As stated previously, Bally's could be held vicariously liable for the sexual harassment itself. *Faragher*, 524 U.S. at 807.

indifference towards the federally protected rights of the plaintiff. However, such liability may not be imputed if the agent's actions are contrary to the employer's good faith effort to comply with" Title VII of the Civil Rights Act. *Green,* 284 F.3d at 653 (2002)(citing *Kolstad v. Amer. Dental Ass'n.*, 527 U.S. 526 (1999)). Indeed, the Supreme Court has stated that "in the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's good-faith efforts to comply with Title VII." *Kolstad*, 527 U.S. at 545. In the present case, Bally's made out the "good faith" defense to punitive damages. Davidson was arguably an agent in a managerial capacity, and she may have acted with malice or reckless indifference to the rights of the plaintiffs within the scope of her employment. However, these actions were contrary to Bally's good faith effort to prevent sexual harassment in the workplace, as is evidenced by the fact that Bally's had a well-publicized policy forbidding sexual harassment, gave training on sexual harassment to new employees, established a grievance procedure for sexual harassment complaints, and initiated an investigation of the plaintiffs' complaints. These actions evidence a good faith effort on the part of Bally's to prevent and punish sexual harassment. As a result, an instruction on punitive damages was not required.

The jury verdict awarded each plaintiff $150,000 in compensatory damages for both the Title VII claims and the claims for intentional infliction of emotional distress. Given that it is impossible to determine what portion of the damages corresponds to the sexual harassment claims, we remand for a new trial solely on the issue of compensatory damages for the sexual harassment.

CONCLUSION

The evidence presented at trial was such that a reasonable juror could conclude that the plaintiffs had been sexually harassed and that the defendants had not established an affirmative defense. Consequently, the district court erred in granting judgment as a matter of law on the sexual harassment claims. However, the district court did not err in granting judgment as a matter of law on the state law claims for intentional infliction of emotional distress or in refusing to instruct the jury on punitive damages. Consequently, the district court's decision is REVERSED in part, AFFIRMED in part, and REMANDED for a new trial solely to determine the amount of compensatory damages for the sexual harassment claims.