**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 28, 2003**

**Charles R. Fulbruge III**
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-50715
Summary Calendar

KENNETH WAYNE GREEN,

Plaintiff/Appellant,

VERSUS

ALBERTSON'S, INC.,

Defendant/Appellee.

Appeal from the United States District Court
for the Western District of Texas
(01-CV-542)

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Plaintiff-Appellant Kenneth Green sued Defendant-Appellee Albertson's, Inc., alleging that employees at Albertson's store number 4022 in Austin, Texas (1) interfered with his right to purchase personal property in violation of 42 U.S.C. §1982, and (2) slandered him. Green appeals the district court's grant of judgment as a matter of law, entered after the close of Plaintiff's

---

[1] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

evidence.

I.

The facts viewed in a light favoring Green are: Green, who is black, was a regular customer of Albertson's store number 4022. In the past he had cashed checks at the store's courtesy booth, but this time he presented a check to be cashed and was refused. Lori Villarreal, the courtesy booth employee, told Green that she could not cash his check because it was drawn on an out of town bank. Albertson's check cashing policy in fact disallows cashing of such checks, although managers are able to override the policy.

When Green objected, Villarreal consulted with two other, more experienced employees. Green offered testimony that one of the employees, Alicia Jackson, stated that Villarreal should not worry about cashing "that nigger's" check again. Green, upset at this treatment, complained to the produce manager who apologized and suggested that Green return the next day to complain to the store manager, Mark Willy. Green left the store and again encountered Jackson, who taunted him and threw a burning cigarette at his feet. Later, when Jackson was preparing her lunch and discussing the incident with co-workers, another employee heard Jackson use the words "nigger" and "faggot" in reference to Green.

The next morning, Green returned to the store to complain to the general manager about his treatment the previous day. He went to the produce department and entered an employee-only prep area. He then requested and waited for the manager, Mark Willy.

2

Immediately on appearing, Willy told Green to leave the employee-only area. Willy then told Green to leave the store, followed him out, and issued a criminal trespass warning. Though Willy testified that Green was irate, another witness testified that Willy removed Green from the store apparently without provocation.

## II.

Green asserts that Albertson's violated his rights under 42 U.S.C. § 1982 because employees, discriminating against him based on his race, (1) refused to cash his check and (2) removed him from the store when returned the next day to complain. He contends that he was slandered (1) when Jackson called him a "faggot" after the first incident and (2) because witnesses to his ejection could infer that he was a shoplifter.

## III.

We review the grant of judgment as a matter of law de novo, applying the same standards as the district court. Hatley v. Hilton Hotels Corp., 308 F.3d 473, 475 (5th Cir. 2002). Judgment as a matter of law is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). In considering whether to grant judgment as a matter of law, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150, 120 S.Ct. 2097, 2110

3

(2000).  While reviewing the record as a whole, the court must "give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" Id. at 151 (quoting 9A Wright and Miller, Federal Practice and Procedure § 2529).

IV.

A. Green's § 1982 claims

42 U.S.C. § 1982 protects the right of United States citizens to purchase personal property without regard to race.[2]  An action under § 1982 "requires an intentional act of racial discrimination by a defendant." Vaughner v. Pulito, 804 F.2d 873, 877 (5th Cir. 1986).  A corporate defendant could be liable for intentional discrimination by an employee through respondeat superior, or vicarious liability.  See Arguello v. Conoco, Inc., 207 F.3d 803, 810 (5th Cir. 2000)(discussing 42 U.S.C. §§ 1981, 1982, and 2000a); Dillon v. AFBIC Development Corp., 597 F.2d 556, 562-63 (5th Cir. 1979) (discussing 42 U.S.C. § 1982 and the Fair Housing Act, 42 U.S.C. § 3601).

Whether an employer may be liable for intentional discrimination by an employee depends on whether the employee acted within the scope of employment.  Arguello at 810.  "Some of the

_____

[2]  42 U.S.C. § 1982 reads: All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

4

factors used when considering whether an employee's acts are within the scope of employment are: 1) the time, place and purpose of the act; 2) its similarity to acts which the servant is authorized to perform; 3) whether the act is commonly performed by servants; 4) the extent of departure from normal methods; and 5) whether the master would reasonably expect such act would be performed." Id. (citing Domar Ocean Transp. Ltd. v. Independent Refining Co., 783 F.2d 1185, 1190 (5th Cir.1986)).

Green presented evidence that Jackson, an Albertson's employee, used a racial epithet in connection with her determination that Villarreal should not cash Green's check. The district court did not consider whether a jury reasonably could conclude that Albertson's would be vicariously liable under § 1982 for Jackson's conduct. Instead, the court dismissed Green's § 1982 claim based on Green's failure to present evidence of a policy of discrimination. Evidence of a policy of discrimination is required for cases brought under 42 U.S.C. § 1983,[3] but no such requirement

---

[3] Explaining why vicarious liability is unavailable in § 1983 cases, the Supreme Court has stated: "[T]he language of § 1983, read against the background of the same legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Soc. Serv., 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978).

5

exists for cases brought under § 1982.  See, e.g., Dillon at 562.
We vacate that portion of the judgment dismissing Green's § 1982
claim arising from the check cashing incident and remand for
consideration of the motion in accordance with the standard
described above.

The district court dismissed Green's § 1982 claim arising from
the encounter with Mark Willy based on the absence of any evidence
that Mark Willy's motivation was racial discrimination.  We agree
that the record reveals nothing from which a reasonable jury could
infer that Mark Willy was motivated by race.  We therefore affirm
the dismissal of this portion of Green's § 1982 claim.

B. Green's slander claims

Green's slander claims against Albertson's arise from two
separate incidents; first, Alicia Jackson's use of the word
"faggot" after he left the store on the day of the first incident,
and second, Green's removal from the store the next day, which he
asserts provides for the  inference that he was a shoplifter.

We conclude that no reasonable jury could find in favor of
Green on either slander claim.  "Slander is a defamatory statement
that is orally communicated or published to a third person without
legal excuse." Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d
640, 646 (Tex. 1995).  Green presented witness testimony that
Alicia Jackson used the word "faggot" in reference to Green.
Jackson made the comment while away from her post preparing for
lunch.  An employer may be liable for an act of defamation

6

committed by an employee within the scope of employment. <u>Rodriquez v. Sarabyn</u>, 129 F.3d 760, 767 (5th Cir. 1997). However, "'when the servant turns aside, for however short a time, from the prosecution of the master's work to engage in an affair wholly his own, he ceases to act for the master, and the responsibility for that which he does in pursuing his own business or pleasure is upon him alone.'" <u>Id.</u> (quoting <u>Texas & P. Ry. Co. v. Hagenloh</u>, 247 S.W.2d 236, 241 (Tex. 1952)). Jackson's remark, made not within the scope of her employment but while she was away from her post preparing her lunch, cannot be attributed to Albertson's.

Green's second slander claim arises from his encounter with Mark Willy the next day. Though he was never accused of shoplifting, Green argues that Mark Willy, in removing Green from the store and issuing a trespass warning, left the "clear impression" that he was a shoplifter. Green argues that Willy's actions constitute "publication through conduct" of the statement that Green was a shoplifter. We disagree. The notion of "publication through conduct" has been recognized in Texas, but the cases Green cites demonstrate that it is not so broad as to encompass the facts of this case. In <u>Reicheneder v. Skaggs Drug Center</u>, 421 F.2d 307, 312 (5th Cir. 1970), the conduct—leading the plaintiff from the store in handcuffs—was preceded by an oral statement to employees that a shoplifter was in custody. The oral statement provided a basis from which to draw the inference that the plaintiff was the shoplifter. Green cannot offer any

7

representation by an Albertson's employee that he was a shoplifter; he instead argues that one might speculate, given how often customers removed from Albertson's turn out to be shoplifters, that he was a shoplifter. No reasonable jury could find in Green's favor based on the evidence presented.

V.

We affirm the judgment dismissing Green's claims except for the portion involving Green's § 1982 claim arising from the check cashing incident. We vacate that portion of the judgment and remand for consideration of the motion for judgment as a matter of law in light of the standard described above.

AFFIRMED in part; VACATED AND REMANDED in part.