931 So.2d 674 (2006)
Ruthie ANDERSON, Courtney Anderson, Byron Anderson and Nekeidra Anderson, Appellants
v.
McRAE'S, INC., Appellee.
No. 2004-CA-02180-COA.
Court of Appeals of Mississippi.
June 13, 2006.
*676 Bernard C. Jones, Jackson, attorney for appellants.
Tara Strickland Clifford, Roy A. Smith, Jackson, attorneys for appellee.
Before MYERS, P.J., IRVING and ROBERTS, JJ.
MYERS, P.J., for the Court.
¶ 1. Ruthie Anderson, on behalf of herself and three children, Nekeidra, Courtney, and Byron (the Andersons) filed a civil lawsuit against McRae's Department Store alleging liable for negligently, gross negligently, or intentional slandering, threatening with imminent bodily harm or arrest. After a three day trial, the jury returned a verdict in favor of McRae's. From this verdict the Andersons appeal raising three issues:
I. THE TRIAL COURT ERRED IN FAILING TO GRANT THE ANDERSONS' MOTION FOR A MISTRIAL BASED ON THE REPEATEDLY IMPROPER AND PREJUDICIAL QUESTIONS AND STATEMENTS AT TRIAL BY MCRAE'S COUNSEL.
II. THE TRIAL COURT ERRED IN FAILING TO GRANT THE ANDERSONS' MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT, OR IN THE ALTERNATIVE, FOR A NEW TRIAL BASED ON THE REPEATEDLY IMPROPER AND PREJUDICIAL QUESTIONS AND STATEMENTS AT TRIAL BY MCRAE'S COUNSEL.
III. THE JURY'S VERDICT IS THE RESULT OF BIAS, PREJUDICE OR PASSION OCCASIONED BY THE REPEATEDLY IMPROPER AND PREJUDICIAL QUESTIONS AND STATEMENTS AT TRIAL BY MCRAE'S COUNSEL.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On May 13, 1999, the Andersons were shopping in McRae's department store in Vicksburg. During their time in the store, they approached the jewelry counter and looked at a medallion for Ruthie's bracelet. While an associate was assisting the Andersons, a manager motioned the associate over to speak with her. The stories differ among the Andersons, McRae's employees and a witness as to the events that occurred when the associate returned to the counter.
¶ 4. The testimony from the Andersons was that once the associate returned to the jewelry counter they were informed that they could no longer be shown any jewelry. Ruthie asked for an explanation, but was informed that she would have to speak with a manager. Ruthie testified that the manager would not speak with her or give her an explanation for refusing to show *677 any further jewelry. In her testimony, Ruthie stated that neither she nor her children caused a scene, but kept their voices at a normal and calm level. Ruthie testified that she asked her daughter to take her sons outside the store so Ruthie could talk with store employees about the situation. While she was waiting for the explanation, she testified that she saw her son, Courtney, being escorted from the store by security. Ruthie asked why Courtney was being removed in this manner and was informed by security officer Glen Water and assistant manager Eric Wooley that Courtney had been involved in a previous incident of concealing an item in the store. Ruthie testified that at this point they all were asked to leave.
¶ 5. Testimony was taken from Angela McElroy, who witnessed the incident. McElroy was an employee at the jewelry counter, but was there only to pick up her paycheck and was not on duty. McElroy testified that Courtney began to curse and talk loudly to the sales associate. At that time Glen Water came to the scene. Water asked Courtney to leave the premises. Water testified that he was unaware that Ruthie was present until she asked why her son was being removed from the store. At this time Water informed Ruthie that Courtney was being asked to leave because he was being loud and abusive and that he had previously been seen attempting to conceal a shirt.
¶ 6. Wooley testified that when he came to the scene, he recognized Courtney as the person that he and Water had previously seen concealing an item. In further testimony, Wooley stated that when he approached the jewelry counter Courtney was cursing and being loud. Wooley testified that he and Water walked behind Courtney to insure that he left the store. At this time, Ruthie approached Wooley and Water and inquired why Courtney was being escorted out of the store. Following the explanation given by Water, the Andersons left the store without further incident.
¶ 7. Following a three-day trial, the jury returned a verdict in favor of McRae's. The Andersons filed post-trial motions for judgment notwithstanding the verdict or, in the alternative, a motion for a new trial. The trial court entered an order denying these motions and the Andersons appealed to this court.

DISCUSSION

I. THE TRIAL COURT ERRED IN FAILING TO GRANT THE ANDERSONS' MOTION FOR A MISTRIAL BASED ON THE REPEATEDLY IMPROPER AND PREJUDICIAL QUESTIONS AND STATEMENTS AT TRIAL BY MCRAE'S COUNSEL
¶ 8. As their first issue on appeal, the Andersons contend that the trial court should have granted a mistrial due to the questions McRae's counsel asked Ruthie and Courtney. The Andersons contend that these questions prejudiced and improperly influenced the jury, necessitating the need for a mistrial. We do not agree.
¶ 9. At the conclusion of the first day of trial the Andersons' counsel moved for a mistrial on the grounds that McRae's counsel had violated Mississippi Rules of Evidence 403 and 404. The trial court took the motion under advisement until the next morning when the trial resumed. At the beginning of the second day of trial, the court did not rule on the motion nor did the Andersons' counsel bring it to the court's attention.
¶ 10. "Whether to grant a motion for mistrial is within the sound discretion of the trial court. The standard of review for denial of a motion for mistrial is *678 abuse of discretion." Pulphus v. State, 782 So.2d 1220, 1223(¶ 10) (Miss.2001) (citations omitted). "Our rule is that a party making a motion must `follow up that action by bringing it to the attention of the judge and by requesting a hearing upon it.' It `is the responsibility of the movant to obtain a ruling from the court on motions filed by him, and failure to do so constitutes a waiver of same.'" Billiot v. State, 454 So.2d 445, 456 (Miss.1984) (citing Sharplin v. State, 357 So.2d 940, 942 (Miss. 1978).)
¶ 11. At the start of the second day of trial, the Andersons' counsel did not request a ruling by the trial court on the motion for mistrial, but began by calling his next witness. The Andersons' counsel's failure to bring the motion for a mistrial back before the court's attention and to proceed with his witnesses operated as waiver of the motion. This is issue is without merit.

II. THE TRIAL COURT ERRED IN FAILING TO GRANT THE ANDERSONS' MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT, OR IN THE ALTERNATIVE, FOR A NEW TRIAL.
¶ 12. As their second issue on appeal, the Andersons contend that the trial court committed error by not granting their motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial. As testimony from both the Andersons and McRae's established a question for the jury, this issue is without merit.
¶ 13. The standard of review for the denial of a motion for JNOV and a motion for directed verdict are identical. Miss. Transp. Comm'n v. Ronald Adams Contractor, Inc., 753 So.2d 1077, 1083 (¶ 16) (Miss.2000) (citing Steele v. Inn of Vicksburg, Inc., 697 So.2d 373, 376 (Miss. 1997)). "This Court will consider the evidence in the light most favorable to the appellee, giving the appellee the benefit of all favorable inferences that may be reasonably drawn from the evidence." General Motors Acceptance Corp. v. Baymon, 732 So.2d 262, 268 (¶ 17) (Miss.1999) (citing Steele, 697 So.2d at 376). If the facts are so overwhelmingly in favor of the appellant that a reasonable jurors could not have arrived at a contrary verdict, this Court must reverse and render. Id. On the other hand, if substantial evidence exists in support of the verdict, that is, "evidence of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might have reached different conclusions," then this Court must affirm. Id.
¶ 14. At trial the Andersons testified that they did not cause a scene and they could never recover from the incident because others witnessed the incident. Courtney testified that he was teased at school by his teacher, Felicia Epps, and a fellow student, Kevin Sykes. The Andersons called no witness outside the family to testify to the events in the store. Their testimony provided their recollection of the events that lead to this suit.
¶ 15. McRae's presented testimony of numerous witnesses as to their version of the incident. Water, Wooley, and McElroy testified that Courtney was causing a scene by cursing and being loud. Additionally, Wooley and Water testified that they only asked Courtney to leave due to his behavior. Epps and Sykes testified that they knew nothing of the incident and did not tease Courtney concerning the incident.
¶ 16. When evaluating the testimony presented at trial, questions of what happened at the store were presented to the jury. They jury determined that the Andersons created a disturbance in the store and McRae's was within its rights to request that the Andersons leave the *679 premises. There is substantial evidence to support the verdict reached by the jury; therefore, we find this issue without merit.

III. THE JURY'S VERDICT IS THE RESULT OF BIAS, PREJUDICE OR PASSION OCCASIONED BY THE REPEATEDLY IMPROPER AND PREJUDICIAL QUESTIONS AND STATEMENTS AT TRIAL BY MCRAE'S COUNSEL.
¶ 17. As their third and final issue on appeal, the Andersons contend that the verdict was the result of statements made by McRae's trial counsel that resulted in jury bias, prejudice or passion. We do not agree.
¶ 18. It is not this Court's place to substitute its judgment for that of a lawfully impaneled jury. Only when the verdict evinces bias, passion or prejudice will a reviewing court have cause to overturn. McIntosh v. Deas, 501 So.2d 367, 369 (Miss.1987). In reviewing the record, we find that there was sufficient evidence to support the verdict in this case. Testimony was given by witnesses to the incident that would support the jury finding that the Andersons caused a scene in the McRae's store and were rightfully removed. We do not find any statements by trial counsel for McRae's that would produce a prejudice by the jury against the Andersons. This issue is without merit.
¶ 19. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.