# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2016

Lyle W. Cayce
Clerk

No. 15-60360

MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, formerly known as Montpelier U.S. Insurance Company,

> Plaintiff - Appellee

v.

LJA COMMERCIAL SOLUTIONS, L.L.C.,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-29

Before STEWART, Chief Judge, REAVLEY, and DAVIS, Circuit Judges.

PER CURIAM:*

Defendant-Appellant appeals the district court's grant of summary judgment holding that the Plaintiff-Appellee had no coverage under its Commercial General Liability policy for damage to a customer's property. We agree with the district court that a policy exclusion for water damage in the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60360

policy is effective to preclude coverage for potential liability for damage to property which is the subject of the claim being made against the Appellant.

I.

Rent City, Inc. (Rent City) hired LJA Commercial Solutions, LLC (LJA) to replace the roof on its commercial building in Mississippi. During LJA's work on Rent City's roof, a sudden rainstorm occurred. At the time of the storm, LJA had removed the roof exposing Rent City's interior to the rain. Water flowed into Rent City's building before LJA managed to cover the open roof with tarpaulins. This intrusion resulted in extensive damage to the Rent City property.

LJA was insured under a Commercial General Liability (CGL) policy issued by MESA Underwriters Specialty Insurance Company (MUSIC). The CGL policy provided that MUSIC would pay for property damages that LJA was legally obligated to pay if "[t]his insurance applies." The CGL policy applied to property damage "only if. . . [it] is caused by an 'occurrence.'" Application of the CGL policy was limited by numerous exclusions including one that is relevant to this action. The Water Damage Exclusion stated: "[t]his insurance does not apply to bodily injury or property damage arising out of any damage caused by water or moisture in any state to include but not limited to rain, sleet, hail or snow."[1]

MUSIC filed a declaratory judgment action against LJA to determine whether it had coverage under the CGL policy for the claim asserted by Rent City for its property damage. LJA filed a counterclaim against MUSIC asserting *inter alia* that it acted in bad faith by denying coverage for the damages to Rent City. Rent City also filed a counterclaim against MUSIC and

---

[1] MUSIC also argued that an Open Roof Exclusion precludes coverage for Rent City's damages. However, our disposition based on the Water Damage Exclusion makes consideration of the Open Roof Exclusion unnecessary.

No. 15-60360

a crossclaim against LJA to recover for its property damage. In its claims, Rent City alleged that LJA acted negligently because it had no tarpaulin sheets on-site when the sudden rainstorm struck.

MUSIC filed motions for summary judgment on its declaratory judgment action and the related counterclaims brought by LJA and Rent City. The district court granted summary judgment holding MUSIC had no obligation to defend or indemnify LJA for the Rent City damages. It reasoned that either the Water Damage or Open Roof exclusions would preclude coverage. According to the district court, the Water Damage Exclusion applied because "the injuries alleged to have been suffered were caused by water from a rain shower." The district court also granted summary judgment against LJA holding that MUSIC did not act in bad faith. LJA now appeals this grant of summary judgment.

## II.

We review *de novo* the interpretation of an insurance contract and grant of summary judgment.[2] Summary judgment is appropriate if the record shows that no genuine dispute as to any material fact exists and the movant is entitled to judgment as a matter of law.[3] While evidence is viewed in the light most favorable to the nonmoving party, a conclusory or unsubstantiated allegation alone is not enough to defeat summary judgment.[4]

## III.

LJA argues that the district court erred in holding that the CGL policy did not cover the damages to Rent City. Mississippi state law governs the

---

[2] *Ironshore Specialty Ins. Co. v. Aspen Underwriting Ltd.*, 788 F.3d 456, 459 (5th Cir. 2015).

[3] *State Nat'l Ins. Co. v. Mktg Servs.*, 544 F. App'x 369, 371 (5th Cir. 2013) (citing Fed. R. Civ. P. 56(a)).

[4] *Id.*

3

interpretation of this insurance policy.[5] Under Mississippi law, insurance coverage depends on the policy language itself.[6] If an insurance contract is unambiguous, the terms are given their plain meaning and applied as written.[7]

The district court did not find it necessary to reach the threshold issue of whether the Rent City damages were an "occurrence" that triggered coverage. Even assuming an occurrence, the district court found that the Water Damage Exclusion clearly applied. For essentially the reasons set forth in the district court opinion, we agree that the Water Damage Exclusion precludes coverage for the Rent City damages which arose from the intrusion of rainwater.

Finally, LJA asserted that MUSIC acted in bad faith by denying it coverage. However, as the district court found, MUSIC did not act in bad faith because it owed no coverage to LJA under its policy.

## IV.

For these reasons and those assigned by the district court, we AFFIRM the judgment of the district court.

---

[5] *Acadia Ins. Co. v. Hinds Cnty. Sch. Dist.*, 582 F. App'x 384, 387 (5th Cir. 2014) ("We look to state law for rules governing contract interpretation.").

[6] *Architex Ass'n v. Scottsdale Ins. Co.*, 27 So. 3d 1148, 1156 (Miss. 2010) ("We find the appropriate analysis should not be driven by policy justifications, but rather should be confined to the policy language.").

[7] *Miss. Farm Bureau Mut. Ins. Co. v. Walters*, 908 So. 2d 765, 769 (Miss. 2005).