# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-01066-COA

**JEROME HOLLOWAY**                                                    **APPELLANT**

**v.**

**NATIONAL FIRE & MARINE INSURANCE**                        **APPELLEE**
**COMPANY**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/07/2021 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MARSHALL JACKSON GOFF |
| | ROGEN K. CHHABRA |
| ATTORNEYS FOR APPELLEE: | BENJAMIN LYLE ROBINSON |
| | AMANDA LEIGH ORR |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 05/09/2023 |
| MOTION FOR REHEARING FILED: | |

## BEFORE WILSON, P.J., McDONALD AND LAWRENCE, JJ.

### WILSON, P.J., FOR THE COURT:

¶1.     Jerome Holloway was involved in an automobile wreck while driving a Dodge Ram 3500 pickup truck owned by his employer, Port City Connection LLC (Port City). At the time of the wreck, Holloway was on a personal trip with his then-girlfriend, Jacqueline Ward, and was not acting within the scope of his employment. Ward was injured in the wreck and sued Holloway for negligence. Holloway asserted that Ward's claims against him were covered by an insurance policy that National Fire & Marine Insurance Company (National Fire) had issued to Cassius Williams d/b/a Uncle Mervin's Transport (Williams). Port City was an independent contractor for Williams, and the Dodge Ram had been used to provide

transportation services on behalf of Williams.  National Fire agreed to defend Holloway under a reservation of rights.  In addition, National Fire ultimately funded a settlement and secured a release of all claims against Holloway.  Nonetheless, Holloway sued National Fire, alleging that it had reserved its rights in "bad faith" and caused him emotional distress.  The circuit court granted summary judgment in favor of National Fire, holding that there were no genuine issues of material fact and that National Fire had a legitimate basis for reserving its rights.  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On May 20, 2016, Holloway and Ward drove from Mobile, Alabama, to Jackson, Mississippi, to attend Ward's nephew's high school graduation.  Holloway drove a Dodge Ram 3500 pickup truck owned by his employer, Port City.  However, Holloway was not acting within the scope of his employment and did not perform any work for Port City on the trip.  In his deposition, Holloway testified that Port City's owner, Sidney Thomas, gave him permission to use the truck for the personal trip.[1]  After a post-graduation dinner, Holloway and Ward left Jackson to return to Mobile.  Around 3:42 a.m. on May 21, as Holloway and Ward were exiting Interstate 10 in Moss Point, Mississippi, their truck collided with an eighteen-wheeler owned and operated by Retif Oil & Fuel LLC (Retif Oil).  Ward was injured in the wreck.  In 2019, Ward filed a personal injury suit in the Jackson County Circuit

---

[1] In response to an interrogatory to Port City, Thomas disputed Holloway's claim. Thomas stated that he "ha[d] no idea what . . . Holloway was doing in the [truck]" and that Holloway "was apparently using the [truck] for some unauthorized personal purpose."

Court. In her amended complaint, Ward named Holloway, Port City, Retif Oil, Williams, and National Fire as defendants.

¶3.    At the time of the wreck, Williams was in the business of transporting automobiles. Williams had an "Independent Contractor Service Agreement" with Port City under which Port City's drivers would use the Dodge Ram to transport automobiles on Williams's behalf on an as-needed basis. An insurance policy issued to Williams by National Fire (the Policy) covered Port City and its employees while the Dodge Ram was "being used exclusively in [Williams's] business." As relevant in this case, the Policy also covered:

> Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
> (1) The owner or anyone else from whom you hire or borrow a covered "private passenger type auto."

The policy defined a "private passenger type auto" to "include[] an 'auto' of the pickup or van type if not used for business purposes." In her amended complaint, Ward sought a declaratory judgment that the Policy provided liability coverage for Holloway in connection with Ward's claims.

¶4.    National Fire filed an answer disputing coverage but sent Holloway a reservation-of-rights letter, "agree[ing] to defend [Holloway] . . . under a full and complete reservation of rights under [the] Policy." National Fire stated that it appeared Holloway did not have Williams's permission to drive the Dodge Ram on his personal trip to Jackson. National Fire maintained that if Holloway did not obtain Williams's permission to use the truck, then he was not a "permissive user" and was not covered under the Policy. National Fire also filed

3

a cross-claim against Holloway, seeking a declaratory judgment that the Policy did not provide coverage for Ward's claims against him.

¶5. Holloway filed an answer to National Fire's cross-claim and a counterclaim against National Fire. Holloway maintained that he was insured under the Policy as a "permissive user" because he had Port City's (i.e., Sidney Thomas's) permission to use the truck. Holloway asserted claims against National Fire for "bad faith" failure to concede coverage and intentional infliction of emotional distress (IIED).

¶6. Despite the existence of a coverage dispute, National Fire ultimately settled Ward's claims and secured a full and complete release of all claims against Holloway, Port City, and Williams. National Fire then filed a motion for summary judgment on Holloway's claims for bad faith and IIED. The circuit court granted National Fire's motion for summary judgment, holding that there was no genuine issue of material fact and that "National Fire had a legitimate basis to reserve its rights." Holloway appealed.

¶7. On appeal, Holloway argues that the circuit court erred by granting National Fire's motion for summary judgment and by not granting him leave to take additional depositions.

**ANALYSIS**

¶8. We review the grant of a motion for summary judgment de novo, viewing the evidence in the light most favorable to the non-movant. *Karpinsky v. Am. Nat. Ins.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013). The movant is entitled to summary judgment if the record evidence "show[s] that there is no genuine issue as to any material fact and that the [movant]

4

is entitled to judgment as a matter of law." *Id.* at (¶10) (quoting M.R.C.P. 56(c)). The non-movant "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." *Id.* (quoting M.R.C.P. 56(e)). In other words, "the non-movant cannot just sit back and remain silent, but he must rebut by producing significant probative evidence showing that there are indeed genuine issues for trial." *McMichael v. Nu-Way Steel & Supply Inc.*, 563 So. 2d 1371, 1375 (Miss. 1990) (quoting *Newell v. Hinton*, 556 So. 2d 1037, 1041 (Miss. 1990)).

¶9.     "In order to pursue a claim for bad faith denial of coverage in Mississippi, the insured bears a heavy burden to prove that its insurer lacked any arguable or legitimate basis to deny such coverage and that the 'insurer committed a wilful or malicious wrong, or acted with gross and reckless disregard for the insured's rights.'" *Mut. Assur. Inc. v. Banks*, 113 F. Supp. 2d 1020, 1023 (S.D. Miss. 2000) (quoting *State Farm Mut. Auto. Ins. Co. v. Grimes*, 722 So. 2d 637, 641 (¶12) (Miss. 1998)). Whether there is an arguable basis for denying coverage is a question of law to be decided by the court. *Murphree v. Fed. Ins. Co.*, 707 So. 2d 523, 530 (Miss. 1997). Of course, in the present case, National Fire never actually *denied* coverage. Rather, National Fire defended Holloway subject to a reservation of rights and ultimately paid a settlement that secured a complete release of all claims against him.

¶10.    Arguably, National Fire was entitled to summary judgment on Holloway's bad faith claim for the simple reason that it never denied coverage but instead reserved its rights and

5

sought a judicial determination of coverage. In *Banks*, the district court held that the insurer was entitled to summary judgment on the insured's bad faith claim because the insurer provided a defense under a reservation of rights and simultaneously filed a declaratory judgment action to determine coverage. *Banks*, 113 F. Supp. 2d at 1024 (Gex, J.) (applying Mississippi law). The court held that the bad faith claim failed as a matter of law because there was "simply no evidence indicating that [the insurer] ha[d] denied coverage." *Id.*[2] The same reasoning applies in this case.

¶11.    But in any event, the circuit court properly granted National Fire's motion for summary judgment because National Fire had at least an arguable or legitimate basis under the Policy for questioning coverage and defending Holloway under a reservation of rights. There is no dispute that the Dodge Ram was not being used in Williams's business at the time of the underlying wreck. Rather, Holloway and Ward took the truck on a personal trip. Therefore, Holloway was covered under the Policy only if he was a "permissive user" of the truck. Moreover, the Policy's plain language indicates that a driver is a permissive user of a covered auto only if he has obtained *Williams's* permission to use the vehicle. Holloway

---

[2] *Accord Mesa Underwriters Specialty Ins. v. LJA Com. Sols. LLC*, No. 3:13-cv-29-CWR-FKB, 2015 WL 1457537, at *5-6 (S.D. Miss. Mar. 30, 2015) (Reeves, J.), *aff'd*, 633 F. App'x 253 (5th Cir. 2016); *Accident Ins. v. Classic Bldg. Designs LLC*, No. 2:11-cv-33-KS-MTP, 2011 WL 1813268, at *4-5 (S.D. Miss. May 6, 2011) (Starrett, J.); *see also Moeller v. Am. Guar. & Liab. Ins.*, 707 So. 2d 1062, 1069 (Miss. 1996) (stating that an insurer "[u]nquestionably . . . has a right to offer the insured a defense" under a reservation of rights); *Emps. Mut. Cas. Co. v. Tompkins*, 490 So. 2d 897, 905 (Miss. 1986) (holding that an insurer "act[ed] in good faith" by filing a declaratory judgment action to determine coverage under an uninsured motorist policy).

6

never obtained Williams's permission to use the truck, but Holloway argues that the Policy covered him because he obtained Port City's (i.e., Thomas's) permission to use the truck. Holloway argues that because Port City owned the truck, only Port City could give him permission to take it on a personal trip. We disagree. Certainly, Port City could give Holloway permission to take the truck on a personal trip. But that does not answer the question whether Port City's permission made Holloway a permissive user under the Policy—which was issued to Williams, not Port City. The Policy's plain language indicates that permission *for purposes of coverage under the Policy* had to come from Williams, not Port City. Thus, at the very least, National Fire had an arguable or legitimate basis for reserving its rights.[3] Therefore, National Fire was entitled to summary judgment on Holloway's bad faith claim.[4]

¶12. For the same reason, Holloway's IIED claim also fails. "The standard for [IIED] in Mississippi is very high: a defendant's conduct must be wanton and wilful and such that it

---

[3] National Fire also argues that it had an arguable and legitimate basis for reserving its rights because the Policy's permissive user coverage does not apply to a "private passenger type auto" such as the Dodge Ram truck. *See supra* ¶3. However, because we have already identified one arguable and legitimate basis for National Fire's reservation of rights, we need not address this issue.

[4] *See Wise v. United Servs. Auto Ass'n*, 861 So. 2d 308, 319-20 (¶31) (Miss. 2003) (holding that the insured "did not have a valid bad faith claim" and that the insurer was entitled to summary judgment because it "had a legitimate and arguable basis in law for denying" coverage); *Liberty Ins. v. Tutor*, 309 So. 3d 493, 507-08 (¶50) (Miss. Ct. App. 2019) ("The claimant bears the burden of demonstrating that the insurer had no arguable reason for denying the claim." (citing *Caldwell v. Alfa Ins.*, 686 So. 2d 1092, 1097 (Miss. 1996))).

would evoke outrage or revulsion." *Croft v. Grand Casino Tunica Inc.*, 910 So. 2d 66, 75 (¶31) (Miss. Ct. App. 2005) (quotation marks and brackets omitted) (quoting *Hatley v. Hilton Hotels Corp.*, 308 F.3d 473, 476 (5th Cir. 2002)). The plaintiff must show that the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Brown v. Inter-City Fed. Bank*, 738 So. 2d 262, 264 (¶9) (Miss. Ct. App. 1999)). Here, National Fire had an arguable and legitimate basis for defending Holloway under a reservation of rights. Therefore, National Fire was entitled to summary judgment on Holloway's IIED claim as well. *Id.* at (¶32) (holding casino was entitled to summary judgment on IIED claim stemming from the plaintiff's arrest because the casino had probable cause to initiate criminal charges).[5]

¶13.    Finally, Holloway argues that the circuit court erred by not granting him leave to take additional depositions. Holloway took the deposition of the adjuster who signed National Fire's reservation-of-rights letter, but after National Fire moved for summary judgment, Holloway filed a motion for leave to take the depositions of two additional adjusters who

---

[5] The circuit court held that National Fire was entitled to summary judgment on Holloway's IIED claim because "National Fire was legally entitled to question coverage and asserts its reservation of rights" and because the claim was barred by a one-year statute of limitations, Miss. Code Ann. § 15-1-35 (Rev. 2019). Subsequently, the Mississippi Supreme Court overruled prior precedent and held that IIED claims are subject to a three-year statute of limitations. *See GEICO Cas. Co. v. Stapleton*, 315 So. 3d 464, 468 (¶¶12-14) (Miss. 2021). Nonetheless, because Holloway's IIED claim fails on the merits, we may affirm the circuit court notwithstanding the change in the law related to the statute of limitations.

played some role in handling his claim. However, Holloway did not specifically request a continuance under Mississippi Rule of Civil Procedure 56(f). In addition, although the docket reflects that Holloway noticed his motion for a hearing, the record does not include a transcript of that hearing or any on-the-record ruling on Holloway's motion.

¶14. In general, "[i]t is the responsibility of the movant to obtain a ruling from the court on motions filed by him, and failure to do so constitutes a waiver of the same." *Ridgway Lane & Assocs. Inc. v. Watson*, 189 So. 3d 626, 630 n.4 (Miss. 2016) (quotation marks omitted) (quoting *Anderson v. McRae's Inc.*, 931 So. 2d 674, 678 (¶10) (Miss. Ct. App. 2006)). Therefore, Holloway waived this issue by failing to obtain a ruling on his motion.

¶15. Regardless of any waiver, additional discovery was unnecessary because it would not have impacted National Fire's right to summary judgment. For the reasons discussed above, National Fire had—at the very least—an arguable and legitimate basis for defending Holloway subject to a reservation of rights. National Fire was entitled to summary judgment for that reason alone. Therefore, any disputed facts that additional depositions might have revealed would not have been *material* facts under Rule 56.[6] Accordingly, Holloway was not entitled to additional discovery, and this issue is without merit. *Cf. Holifield v. City*

---

[6] *See Shaw v. Burchfield*, 481 So. 2d 247, 252 (Miss. 1985) ("The presence of fact issues in the record does not per se entitle a party to avoid summary judgment. The court must be convinced that the factual issue is a material one, one that matters in an outcome determinative sense. . . . [W]e have kept ever before us that basic tenet of Rule 56 theology that the existence of a hundred contested issues of fact will not thwart summary judgment where there is no genuine dispute regarding the material issues of fact.").

*Salvage Inc.*, 230 So. 3d 736, 741 (¶14) (Miss. Ct. App. 2017) (holding that the circuit court did not err by denying a continuance under Rule 56(f) because the plaintiffs failed to identify any facts that additional discovery might have uncovered that would not have defeated the defendant's motion for summary judgment).

## CONCLUSION

¶16. The circuit court properly granted National Fire's motion for summary judgment.

¶17. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**